SAMUEL M. MARCUS, as Receiver of JAMES J. KANE et al., Appellant and Respondent, *v.* UNITED STATES CASUALTY COMPANY, Respondent and Appellant.

(Argued June 14, 1928; decided July 19, 1928.)

*Harry J. Leffert* for plaintiff, appellant and respondent. The policy of insurance covered the judgment recovered by Borger against the assured. (*Green River Distilling Co.* v. *Mass. B. & Ins. Co.*, 197 App. Div. 499; *O'Connell* v. *N. J. Fidelity Co.*, 201 App. Div. 117.)

*George F. Hickey* and *William Butler* for defendant, respondent and appellant. The insurance carrier was justified in refusing to defend the Borger action because the insurance policy expressly excluded liability for injuries sustained by reason of the elevator or hoist involved in that action. (*Allen* v. *G. A. Ins. Co.*, 123 N. Y. 6.)

CRANE, J. James J. Kane, J. Winters Kane and Emil Kane were the owners and in possession and control of premises situated at 102 Front street, in the borough of Manhattan, city of New York. One of their tenants, Seeman Brothers, Inc., occupied a portion of the premises situated on the second floor. On the eighth day of October, 1921, an employee of Seeman Brothers, Inc., named John Borger, was proceeding to a toilet room maintained on the second floor by the Kanes for the use and convenience of the tenants and their employees. Near to the entrance of the toilet were the doors leading into the elevator shaft. There were no distinguishing marks or signs on any of the doors. Borger, mistaking the entrance to the elevator shaft for the entrance to the toilet, pushed open the doors and stepped into the shaft, fell to the bottom and received severe bodily injuries.

He thereupon commenced an action against the owners in the District Court of the Southern District of New York and recovered a judgment of over $12,000, which on appeal was affirmed by the Circuit Court of Appeals of the second circuit.

The Kanes were insured by the United States Casualty Company, which received notice of the injury and of the suit, but which failed to defend in behalf of the owners on the ground that the accident was excluded from their policy.

This action has been brought by the receivers of the property and assets of the Kanes to recover from the United States Casualty Company the amount of its alleged liability upon the policy. The question presented is whether Borger's accident was covered by the insurance.

The owners took out this casualty insurance through one Henry N. Wittpenn, who procured the policy from the United States Casualty Company. Upon the delivery of the policy, the following took place: " Mr. Kane asked me what the policy covered and I told him. He said to me, ' I don't wish to take this policy with the elevator coverage, because no one uses this elevator but myself. It is for our own use. The tenants are not using this elevator. For that reason I don't wish to have it covered. I only want the public liability coverage without elevator.' "

Thereupon, the agent took the policy back to the company, had it rewritten, excluding the elevator. On the day of the accident, therefore, the policy contained certain clauses stating what it did not cover. It read:

" Condition A. This policy does not cover  *  *  * (3) loss arising from bodily injuries sustained by reason of any elevator, its car or platform or the shaft or hoistway used in the operation thereof."

In a schedule annexed to the policy there was described " a hand power rope hoist — not covered."

The accident to Borger happened October 8, 1921. Two days thereafter Mr. Kane told Wittpenn, the insurance agent, to have the present policy changed or indorsed so as to include the elevator, and thereupon there was typewritten on the policy the following clause:

" ADDITIONAL PREMIUM $4.48

" In consideration of an additional premium of Four dollars and forty-eight cents ($4.48) it is understood

and agreed that the insurance under this policy is hereby extended from noon of this date to cover a Hand power rope hoist, located at premises 102 Front Street, New York City, New York."

With this history of the insurance in mind, we may again ask whether the policy covered the accident. It did not cover any loss arising from bodily injuries sustained by reason of any elevator shaft or hoistway used in the operation of any elevator. Borger was hurt by falling down the elevator shaft. But for the shaft he would not have been hurt. The fact that he pushed open the doors leading to the shaft by mistake is immaterial. He may have mistaken the doors because the hallway was dark, or because they were not properly marked and distinguished from the entrance to the toilet. But the injury he received, causing the loss, was due to the shaftway. It may be suggested with some reason that if the door was properly marked " elevator " the accident would not have happened and that, therefore, the proximate cause was the failure to thus give proper warning. We are dealing, however, with the terms of a policy, of a contract which cannot be refined beyond the intents and purposes of the parties. This is an agreement made between the Kanes and the insurance company. The injured person has no better or other rights than the insured. What did the insured contract for? The United States Casualty Company agreed to insure them against losses arising out of bodily injuries received in the building 102 Front street unless the injury was sustained by reason of the elevator shaft or the hoistway. This injury was received by reason of the elevator shaft and the hoistway, and, therefore, was not covered by the policy.

Policies of insurance, when capable with equal reason of one or more interpretations are construed against the insurer and in favor of the insured. (*Stipcich* v. *Metropolitan Life Ins. Co.*, 277 U. S. 311.) This is upon the

theory that the insurance company generally drafts the terms of the instrument. No liberality of construction, however, in favor of the insured permits the inclusion of a risk which has been expressly excluded by the terms of the contract. This policy must be given a reasonable interpretation, and the words used, their ordinary and usual meaning. Injuries sustained by reason of the elevator shaft cannot be limited on the principle of proximate cause as vaguely understood in legal terminology. We cannot imagine that the parties in using these words understood that if a person fell down the shaft because the hallway was dark, the bodily injuries would be sustained by reason of the darkness, not because of the elevator shaft. This would virtually be making a new contract for the parties.

While the owner's subsequent act in no way could modify or add to the terms of his policy, it is at least indicative of the meaning which he gave to it. He understood that the premium he was paying did not cover the elevator or the shaft. Two days after the accident he paid an additional premium and was covered. As before stated, we are dealing here with the contract which the owner made with the insurer.

The plaintiff is also an appellant from an order of the Appellate Division modifying the judgment in an item of interest. We need not discuss the point as the order will fall with the judgment in favor of the plaintiff, which for the reasons here stated we reverse.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.