WEINBERG & HOLMAN, INC., Respondent, *v.* PROVIDENCE WASHINGTON INSURANCE COMPANY, Appellant.

(Argued October 8, 1930; decided November 18, 1930.)

*Arthur W. Clement* and *Henry J. Bogatko* for appellant. The shipment was never insured by the defendant. (*Bank of Ballston Spa* v. *Ins. Co.*, 50 N. Y. 45; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136; *Cushman* v. *U. S. Life Ins. Co.*, 63 N. Y. 404; *Simon, Israel & Co.* v. *Sedgwick*, [1893] 1 Q. B. 303.) The transportation of the shipment from Southampton to Havre and return voided the contract of insurance. (Richards on Insurance [3d ed.], p. 231.)

*George X. Levine, Alfred B. Nathan* and *S. Howard Imbrey* for respondent. The shipment was at all times fully covered against the risks of theft, pilferage and non-delivery from the time of leaving the shipper's warehouse in London to the time of the delivery thereof at the plaintiff's warehouse in New York. The shipment was properly declared. (*Hillman* v. *Ins. Co.*, 258 Penn. St. 547; *Snow* v. *Ins. Co.*, 48 N. Y. 624; *Cleveland* v. *Union Ins. Co.*, 8 Mass. 308; *Audenreid* v. *Ins. Co.*, 60 N. Y. 482; *Bearns* v. *Ins. Co.*, 48 Barb. 445; *Simon* v. *Sedgwick*, [1893] 1 Q. B. 303; *Solomon* v. *Ins. Co.*, 160 N. Y. 595; *Greenwich Bank* v. *Ins. Co.*, 222 App. Div. 219; *Skinner* v. *Norman*, 165 N. Y. 565; *Reynolds* v. *Ins. Co.*, 47 N. Y. 597; *Janneck* v. *Ins. Co.*, 162 N. Y. 574; *Zivitz* v. *Ins. Co.*, 192 App. Div. 83; *Paskusz* v. *Ins. Co.*, 213 N. Y. 22; *Mulvihill* v. *Ins. Co.*, 221 App. Div. 494; 248 N. Y. 524; *Lewis* v. *Ins. Co.*, 224 N. Y. 18.)

POUND, J. This is an action on an open cargo policy of insurance to recover for the loss sustained by reason of the theft, pilferage or non-delivery of a part of a ship-ment of raw fur skins from London to New York. The policy covers all goods shipped by or consigned to plaintiff

" at and from ports or interior places throughout the world to ports or interior places in the United States, by land and water, direct or otherwise, including the risks of trans-shipment and lighterage and with all liberties as per contract of affreightment " and including theft, pilferage or non-delivery.

Furs were shipped to plaintiff from London to New York. At some time and place between the time when the shipment left the warehouse and the time when it arrived in New York a portion of the furs was stolen. Before any particular risk was covered by the policy the shipper was required to send a declaration of the shipment to the insurance company. In this case the declaration stated that the shipment was made per steamer *Homeric* from London to New York. The goods were in fact shipped from London *via* Southampton to Havre, France, and reshipped from Havre to New York *via* Southampton. They thus crossed and recrossed the English Channel on transport steamers before proceeding on the steamer *Homeric* from Southampton, although the direct and usual voyage did not require such trans-shipment. The insurance company received no notice of the routing *via* Havre until after the loss was discovered. The shipment was made in this way to obtain the advantage of lower freight rates from the French port to New York, it being cheaper by reason of a rate war to ship from a French port. Payment of the loss was refused on the ground that the shipment was not made from London to a port in the United States but from London to the French port and from the French port to Southampton where they were loaded on the *Homeric* and shipped to New York.

The question of deviation or change of voyage does not arise in the case. Lower rates were obtained by making the shipment to Havre and then by an independent shipment from France to New York. No voluntary and unnecessary departure of the ship *Homeric* from the

regular and usual course of the specified voyage insured was shown. The goods were not shipped in accordance with the declaration of the shipment but were deliberately shipped from another port by another route which was not deviated from.

The plain purpose of the clause requiring the shipper to declare each and every shipment under the policy is to give definite advice of the shipment insured and to fix the premium. The plaintiff contends that upon the true construction of the policy the shipment was from London to New York *via* Havre. If so, the defendant is liable. But this is not a policy covering a voyage from London to a port not in the United States and thence to New York. The goods could not be so shipped to obtain the advantage of the lower freight on shipments from a French port. The shipper deliberately exposed the shipment to the unnecessary hazards of the channel voyage in order to obtain a lower freight rate. " You cannot extend the policy to cover the risks not included in the voyage for which these goods were insured." (LINDLEY, J., in *Simon, Israel & Co.* v. *Sedgwick*, [1893] 1 Q. B. 303.)

The policy contains a " held covered " clause which provides that the goods are " held covered at premiums to be arranged in case * * * of any omission or error in the description of the * * * voyage provided notice be given to assurers as soon as known to assured." But here there was no omission or error in the description of the voyage, *i. e.*, the voyage from London to New York. The description was entirely accurate, but the voyage described was from London to New York and not a roundabout voyage from London to Havre to New York. The voyage actually embarked upon was not the one insured. The ordinary course of transit was departed from to save freight rates by shipping from a French port. No error or omission in the description of the voyage covered by the policy is shown.

A plain contract, clear and explicit in its terms, is to

be construed by the court. Equitable considerations will not allow an extension of the coverage beyond its fair intent and meaning in order to do raw equity and to obviate objections which might have been foreseen and guarded against, even though the contract to be construed is a policy of insurance. (*Janneck* v. *Metropolitan Life Ins. Co.,* 162 N. Y. 574; *Rosenthal* v. *American Bonding Co.,* 207 N. Y. 162; *Brainard* v. *N. Y. C. R. R. Co.,* 242 N. Y. 125; *Marcus* v. *United States Casualty Co.,* 249 N. Y. 21.)

The judgment of the Appellate Division and that of Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.