**LEE v. ÆTNA CASUALTY & SURETY CO.**

United States District Court
S. D. New York.
Civil Division.
Jan. 19, 1949.

H. Lee Kanner, of New York City, for plaintiff.

Daniel Miner, of New York City, for defendant.

RYAN, District Judge.

Plaintiff and defendant move for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

The complaint asserts two claims: In the first, plaintiff seeks to recover $5,000 and $334.76 costs with interest thereon, under a policy of liability insurance issued by defendant to Trefflich Pet Shop, Inc. (hereafter the insured). This claim is based on the provisions of Section 167, subd. 1(b) of the New York Insurance Law, Consol.Laws, c. 28. In the second claim, plaintiff seeks to recover for the expenses alleged to have been incurred by the insured in the defense of an action brought against him by plaintiff, which defendant declined to defend. This claim has been assigned by the insured to plaintiff.

A copy of the insurance policy has been submitted on this motion and its terms are not disputed. Defendant, under this policy, undertook to insure from January 1, 1944, to January 1, 1945, and by its terms obligated itself, "To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him for damages, including damages for care and loss of services, because of the hazards defined in the Special Provisions;" and to " * * defend in his name and behalf any suit against the Insured alleging injury, sickness, disease or destruction covered by this Policy and seeking damages on account thereof, even if such suit is groundless, false or fraudulent. * * *."

The application attached to the policy contains the following Declaration (5) limiting coverage by the insurer:

"Description of Elevators:
"Number of Elevators
"None"

The policy under Definition of Hazards provides coverage for:

"Bodily injury * * * sustained by any person * * *, caused by accident during the Coverage Period and arising out of:

"(a) the ownership, maintenance, ordinary alterations and repairs or use of the Premises or the conduct of the business described in the Declarations and carried on at the Premises;

"(b) the ownership, maintenance, ordinary alterations and repairs or use of the elevators described in the Declarations."

The policy also sets forth a number of specified Exclusions one of which reads:

"8. This insurance does not apply:

  *      *      *      *      *      *

"(d) to the ownership, maintenance or use of any elevator, unless described herein, at the Premises or owned, rented or controlled by the Insured;"

For these motions we accept as undisputed the following facts, most favorable to plaintiff—

Joe Lee, the plaintiff, was asked by a friend to purchase a monkey. On February 9, 1944, Lee went to the shop of the insured at 215-217 Fulton Street, New York City, in quest of a suitable simian. The insured occupied and rented the street floor where it conducted a retail pet shop. Henry Trefflich, the president of the insured, conducted as an individual a wholesale pet shop in premises he rented and occupied on the fifth floor. The monkeys were housed and sold from this floor. There was a freight elevator in the building used in common by all the tenants.

Testifying on the trial of the action brought by him against the insured in the New York Supreme Court, Lee described his misfortunes after entering the shop, as follows:

"I asked the Boss, 'Do you have any monkeys?' So he said 'yes.' So I said, 'Could—may I see them?' So the boss said, 'I will take you upstairs to see them,' and he preceded me, and I followed him. He went before me, and I followed him about five feet behind, because I was looking at the things as I went down.

"He opened the elevator door, and he waved his hand for me to follow him. I went up to the elevator, about one step behind him; and I saw him push his hand on the elevator, and I thought the elevator was there when I put my foot down and I fell down;" (Appeal record, folios 138-39),

And he continued:

"He pushed the gate up and it got stuck; it wouldn't come up or go down; and I followed him, and it was a little dark there; so I thought the elevator was there already. (folio 150)

\* \* \* \* \* \*

"There was light from the store that reflected in; but no light in the elevator shaftway. \* \* \* If the elevator were there, I wouldn't have fallen." (folio 158)

Lee found that he had stepped into an elevator shaft; the elevator not being there he fell down a distance of about 15 feet landing on concrete basement flooring. He sustained serious bodily injuries for which he recovered judgment against the insured in the sum of $33,000. This judgment was later reduced by the Appellate Division, First Department to $25,000, Lee v. Trefflich, 272 App.Div. 255, 70 N.Y.S.2d 611, and as so reduced was affirmed by the Court of Appeals. Lee v. Trefflich, 297 N.Y. 772, 77 N.E.2d 789. Lee has collected $5,000 on account of this judgment; the balance together with interest and costs has remained unpaid for more than 30 days after due notice thereof to defendant.

With the acceptance of these facts, the only question presented on these motions insofar as the first claim is concerned is whether the accident which befell Lee, and the consequent and determined liability of the insured comes within the coverage of the policy. The liability of the insured can no longer be questioned by defendant, the insurer. Jones v. Zurich General Accident & Liability Ins. Co., 2 Cir., 1941, 121 F.2d 761.

Plaintiff's rights under Section 167 subd. 1(b), of the New York Insurance Law are to be measured by the protection and coverage afforded the insured under the terms and provisions of the policy. Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 275, 160 N.E. 367, 72 A.L.R. 1443.

Exclusion clause "8(d)" of the policy applies to the accident involved here; the declaration of the insured described the elevators to be insured as "none;" the policy defines elevator to include "shaft, hoistway, or other appliances or parts thereof." The accident in which Lee was injured arose out of the use of the elevator; there was no coverage. Marcus v. United States Casualty Company, 249 N.Y. 21, 162 N.E. 571, 572. It is true that the exclusion clause in the Marcus case, supra, was broader in scope than the clause here under consideration; there, all loss "sustained by reason of any elevator shaft or hoistway" was excluded; here, the clause excluded loss from "ownership, maintenance or use of any elevator." Plaintiff's testimony conclusively shows that although the injuries suffered by him happened in "the conduct of

the business described in the Declarations and carried on at the premises," they resulted from the use of the elevator as defined in the policy.

We do not agree with plaintiff's contention that the proximate cause of the accident was the wrongful and negligent invitation to enter the elevator. If we were to, it would be in entire disregard of the insured's acts of opening the door to the elevator shaft and raising the gate within to bring the car to the ground floor level, preparatory to ascending on it. The proximate cause of the accident, judged by the applicable law to determine liability under an insurance policy is the cause nearest the occurrence. Bird v. St. Paul Fire & Marine Ins. Co., 224 N. Y. 47, 53, 120 N.E. 86, 13 A.L.R. 875. The proximate cause of the accident was the insured's use of the elevator and the attempted use of it by plaintiff.

Summary judgment for defendant is granted on the first claim pleaded in the complaint.

We come then to a consideration of plaintiff's second claim wherein he seeks to recover the expenses incurred by the insured in the defense of Lee's original tort action. Defendant with knowledge of the pending suit and of the allegations of the complaint refused to defend on the ground of non-coverage.

The test to be applied in determining the merits of this claim is whether the complaint in the action first brought by plaintiff against the insured pleads facts, which if proved, would bring the injury within the coverage. Grand Union Co. v. General Accident Fire & Life Assur. Corp., 254 App.Div. 274, 4 N.Y.S.2d 704, affirmed 279 N.Y. 638, 18 N.E.2d 38. It is immaterial that the insured, before being served with the complaint, made a statement to the insurer indicating that the accident complained of was not within the coverage of the policy. It was held in Goldberg v. Lumber Mutual Casualty Ins. Co. of New York, 297 N.Y. 148, 154, 77 N.E. 2d 131, 133 that "the insurance company's duty to defend came into being when it appeared from the allegations in the negligence action that the injury was within

coverage of the policy, and it persisted despite the advice—pointing a contrary conclusion—furnished by the insured to assist the company in defending the suit."

It is therefore necessary that we examine the complaint in the tort action.

Paragraph "Tenth" in part alleges:

"That on the 9th day of February, 1944, while this plaintiff was in the premises of the defendants, * * * without any fault on his part whatsoever and wholly and solely through the negligence of the defendants, * * * he was caused to fall from the store of the defendant, Trefflich Pet Shop, Inc., * * * to the pit of the shaft aforementioned, as a result of which he was grievously injured."

Paragraph "Twelfth" alleges:

"The defendants * * * were negligent in that they allowed and permitted the premises occupied by them to be, become and remain in an unsafe and dangerous condition, and negligently and carelessly invited this plaintiff into a place of danger, and so carelessly operated and maintained the aforementioned premises so as to render the same unsafe and dangerous and a hazard for this plaintiff and other patrons, and of which conditions and omissions they had both actual and constructive notice."

And, in paragraph "Thirteen" it is alleged:

"That as a result of the negligence of the defendants, * * * this plaintiff sustained injuries. * * *"

The complaint does not charge the insured with ownership, maintenance or use of the elevator or of its shaftway. On the contrary, it affirmatively alleges the defendant, J. H. Bunnell & Co., Inc., to be the owner of the premises and that the elevator at all times was under the operation and control of this defendant (Bunnell) and that it was his duty "to use reasonable care in the maintenance of the elevator shaft aforementioned and its appurtenances, * * * and to keep the same free from defects and nuisances." Nowhere in the complaint is there an allegation to indicate that the accident occurred through the use of the elevator.

It does not appear from these allegations that the injury was excluded from the coverage of the policy. The insurer was, therefore, obligated to defend the suit. With its failure to do so, it became liable to the insured for all reasonable and necessary expenses incurred in its defense. It has been stipulated by the parties to this action that these amount to $2500.

Motion for summary judgment on the second claim establishing defendant's liability is granted, and judgment is awarded plaintiff on this claim in the sum of $2500. Settle order on notice.