Samuel H. Hofstadter, J.
This action upon a comprehensive general liability policy, insuring against liability for personal injury and property damage was tried upon an agreed statement of facts.
The plaintiff, as its name indicates, is engaged in the excavation business. During the course of an excavation operation, conducted while the policy in suit was in force, the plaintiff contributed to or caused the collapse of an adjacent building. Thereupon Palermo, the owner of the collapsed building, and Graphic Machinery Exchange, Inc., a tenant therein each brought suit against the plaintiff and others in the Supreme Court, Kings County, to recover for the damage to the building itself, sustained by the owner, and for the damage to machinery and equipment sustained by the tenant. Due notice of the foregoing was given to the defendant, but the latter disclaimed liability under its policy and refused to assume the defense of the actions. After substantial recoveries against the plaintiff and its codefendants, affirmed in the Appellate Division, and while an appeal to the Court of Appeals was pending, the parties reached a settlement pursuant to which the plaintiff contributed $13,100 as its share to satisfy the outstanding judgments. The present action brought to recover the sum so paid and in addition the expenses incurred by the plaintiff in defending the -suits against it.
The defendant grounds its disclaimer of liability upon an exclusion clause contained in an indorsement which declares that the insurance under the policy for property damage liability “ does not apply to injury to or destruction of property arising out of * * * (2) the collapse of or structural injury to any building or structure due (a) to excavation ”.
*794 Insofar as the plaintiff’s claim rests on payment of its share of the judgment recovered hy Palermo, the owner, and the expense of defending Palermo’s action,- the plaintiff now recognizes that the exclusion just quoted is a bar, for, on the trial, the plaintiff expressly withdrew this portion of its claim ‘ ‘ on the basis that, under the terms of exclusion of the policy, the same does not cover the claim of Palermo, since damages were structural to the building owned by him.” There remains for determination the question of the defendant’s liability in respect of the claim of the tenant for damage to its machinery and equipment.
Though both parties argue that the exclusion clause is free from ambiguity, each urges that its correct reading leads to a determination in its favor. The plaintiff says further, admitting frankly some inconsistency in its position, that the indorsement is ambiguous and must, therefore, be liberally construed in the plaintiff’s favor.
Of course, if there is ambiguity, the ambiguity must be resolved against the defendant insurer. If, however, there is no ambiguity, the policy must be given effect as written. As the Court of Appeals said in Marcus v. United States Cas. Co. (249 N. Y. 21, 25): “No liberality of construction, however, in favor of the insured permits the inclusion of a risk which has been expressly excluded by the terms of the contract. ’ ’
The same principle was thus stated in Weinberg & Holman, Inc. v. Providence Washington Ins. Co. (254 N. Y. 387, 391): “ Equitable considerations will not allow 'an extension of the coverage beyond its fair intent and meaning in order to do raw equity and to obviate objections which might have been foreseen and guarded against, even though the contract to be construed is a policy of insurance.”
Analysis of the exclusion clause reveals no ambiguity, at least so far as the present issue is concerned. It does not exclude only the collapse of or structural injury to a building or structure, but injury to or destruction of property arising from such collapse or structural injury. That is the error of the plaintiff’s asserted construction; the plaintiff wholly disregards the words “ injury to or destruction of property arising out of ” collapse or structural injury. The collapse or structural injury is the source of the property damage; the clause excludes from coverage the property damage itself if it has its origin in collapse or structural injury. The exclusion is not confined to the building which collapses or suffers from a structural injury; it embraces any injury to or destruction of property real or personal, traceable to collapse or structural injury as its cause, *795 Unless the phrase ‘ ‘ injury to or destruction of property arising out of ” is excised, the plaintiff’s claim is excluded by the clear language of the indorsement. The policy before the court in Blades v. Indemnity Ins. Co. of North America (149 N. Y. S. 2d 670, affd. 2 A D 2d 868), so heavily relied on by the plaintiff did not contain these crucial words; the plaintiff’s reliance on this case as authority is, therefore, misplaced.
The policy as written excludes the claim in respect of the damage to the tenant’s property as explicitly and unequivocally as it does .the claim of the owner whose building collapsed. The plaintiff concedes noncoverage of the latter; the indorsement itself compels exclusion of the former. The plaintiff may not recover and judgment is accordingly directed for the defendant, with costs. The foregoing constitutes the court’s decision pursuant to section 440 of the Civil Practice Act.