**L. RAY PACKING COMPANY**

v.

**COMMERCIAL UNION INSURANCE
COMPANY and First State
Insurance Company.**

Supreme Judicial Court of Maine.

Argued Sept. 19, 1983.
Decided Dec. 30, 1983.

Thompson, McNaboe & Ashley, John R. Bass, II (orally), Portland, for plaintiff.

Norman & Hanson, John H. King, Jr. (orally), Peter J. DeTroy, III, Portland, for Commercial Union Ins. Co.

Petruccelli, Cohen, Erler & Cox, Susan E. Peck (orally), John P. Erler, Portland, for First State Ins. Co.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Summary judgment was entered for the defendants, Commercial Union Insurance Company (Commercial Union) and First State Insurance Company (First State) in the Superior Court, Cumberland County, which ruled that the defendant-insurers had no duty to defend the plaintiff, L. Ray Packing Company (L. Ray) in an underlying civil action pending in the United States District Court for the District of Maine. We affirm the judgment of the Superior Court.

In May 1981, the plaintiff was joined as a party defendant in an action commenced by fourteen fishermen in the United States District Court for the District of Maine. The suit, brought under the Clayton Act, charged the plaintiff and other fish processors with violations of the Sherman Act[1] and various breaches of contract. At all times relevant, the plaintiff was insured by Commercial Union under a comprehensive general liability policy and by First State under an excess umbrella liability policy. Upon receipt of a request to defend the underlying action, the defendants denied coverage and the plaintiff commenced an action for declaratory judgment pursuant to 14 M.R.S.A. §§ 5951 et seq. (1980) in which it sought a judgment declaring that its insurance contracts with the defendants obligated one or both of them to defend the underlying action. The Superior Court granted the defendants' motions for summary judgment and this appeal followed.

■ The obligation of the defendant insurers to defend the underlying action is determined by comparing the allegations of the underlying complaint with the provisions of the insurance contracts. *Horace Mann Insurance Co. v. Maine Teachers Assoc.*, 449 A.2d 358 (Me.1982); *American Policyholders' Insurance Co. v. Cumberland Cold Storage Co.*, 373 A.2d 247 (Me.1977); *Marston v. Merchants Mutual Insurance Co.*, 319 A.2d 111 (Me.1974). The plaintiff is entitled to a defense if there exists any legal or factual basis, which could be developed at trial, that would obligate the insurers to pay under the policy. *Id.* Although the allegations of the underlying complaint are construed liberally and any doubt is resolved in favor of the insured, *Union Mutual Fire Insurance Co. v. Inhabitants of the Town of Topsham*, 441 A.2d 1012 (Me. 1982), in this case they provide no basis to support an obligation to defend by the insurers.

The complaint in the underlying action contains six counts. In support of its contention that the liability insurance carriers are obligated to defend, the plaintiff relies solely upon the allegations of Count I.

---

1. The Clayton Act, 15 U.S.C.A. § 15 (West Supp.1983) provides a private cause of action for violations of the antitrust laws, including the Sherman Act, 15 U.S.C.A. § 1 (West Supp. 1983).

Count I alleges a violation of the Sherman Act, 15 U.S.C.A. § 1 (West Supp.1983), and avers in pertinent part that:

> (28) Since an unknown time in the past but for more than four years ... L. Ray ... [has] contracted, combined and/or conspired to unreasonably restrain trade in the sale of herring to each of [the defendants]. Each has, in among other ways, contracted, combined and/or conspired to set the price paid for herring, to set the terms for purchasing such herring, to inform one another of the prices and terms each pays, to inform one another about the amount of product each needs, to prevent other herring purchasers from entering the market and to use government agencies in a sham effort to restrict Plaintiffs' competitive freedom.
>
> . . . . .
>
> (30) Because of the contract, combination and/or conspiracy, Plaintiffs were paid less for the herring they sold than they would have otherwise received and, as a proximate result, they have been damaged in their business and property in an amount which is as yet undetermined.

These allegations are now compared with the provisions of the insurance contracts.

Each insurance policy contains substantially identical language and provides coverage for all claims against the plaintiff arising out of an "occurrence." Commercial Union's policy defines "occurrence" as:

> (A)n accident, including continuous or repeated exposure to conditions, which results in ... property damage neither expected nor intended from the standpoint of the insured.

Thus Commercial Union is obligated to defend the underlying action if the complaint alleges (1) an accident (2) which results in ... property damage (3) neither intended nor expected by the plaintiff. First State's policy contains the identical definition except that it includes an "accident or event" within an "occurrence."

■ The Superior Court found that because the complaint alleged price fixing, the alleged damage, artificially low herring prices, was both expected and intended by the plaintiff. As a result, the Court held that the plaintiff's alleged conduct fell outside the policies' definition of "occurrence" and the underlying action therefore failed to set forth a claim potentially within the plaintiff's insurance coverage and neither insurer was obligated to defend the action. Paragraph 28 of Count I, however, may be construed to allege a per se antitrust violation, one in which intent is not a required element. *See Broadcast Music Inc. v. CBS,* 441 U.S. 1, 99 S.Ct. 1551, 60 L.Ed.2d 1 (1979); *United States v. United States Gypsum Co.,* 438 U.S. 422, 436 n. 13, 98 S.Ct. 2864, 2873 n. 13, 51 L.Ed.2d 854 (1978); *National Society of Professional Engineers v. United States,* 435 U.S. 679, 98 S.Ct. 1355, 55 L.Ed.2d 637 (1977). The sole issue in per se antitrust analysis is the effect of the alleged practice and not its purpose. It is thus possible for L. Ray to be held liable in the underlying action even though it did not subjectively intend or subjectively expect to cause the injury complained of. *See Parsons-Oxford Mutual Insurance Co. v. Dodge,* 426 A.2d 888, 892 (Me.1981). The Superior Court's determination that the alleged injury was either "expected [or] intended from the standpoint of the [plaintiff]," therefore, was erroneous.

■ Where the legal reasoning of a court is incorrect, however, its judgment will be affirmed on appeal if its ultimate conclusion is correct in law. *Baybutt Construction Corp. v. Commercial Union Insurance Co.,* 455 A.2d 914 (Me.1983); *Allstate Insurance Co. v. Lyons,* 400 A.2d 349 (Me. 1979); *Laferriere v. Paradis,* 293 A.2d 526 (Me.1972). Because it is a question of law whether the allegations of an underlying complaint potentially are within the provisions of an insurance contract, we are asked to consider whether Count I alleges an accident, or an accident or event, which results in property damage.

Both insurance policies define "property damage" as:

1) Physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, and

2) Loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

We compare this to paragraph 30 of the underlying complaint which alleges that because of the antitrust violation, the fishermen "were paid less for the herring they sold than they would have otherwise received and, as a proximate result, they have been damaged in their business and property...." Because there is no allegation that the herring were physically injured or destroyed, only the second part of the above definition requires consideration.

■ At the outset, a distinction must be drawn between loss of use of tangible property and loss of profits. While loss of use of tangible property does include tangible property which has been diminished in value or made useless irrespective of any physical injury to the property, e.g., *Western Casualty and Surety Co. v. Polar Panel Co.,* 457 F.2d 957 (8th Cir.1972); *Geddes and Smith, Inc. v. St. Paul Mercury Indemnity Co.,* 51 Cal.2d 558, 334 P.2d 881 (1959); *Pittway Corp. v. American Motorists Insurance Co.,* 56 Ill.App.3d 338, 13 Ill.Dec. 244, 370 N.E.2d 1271 (1977); *Hauenstein v. St. Paul Mercury Indemnity Co.,* 242 Minn. 354, 65 N.W.2d 122 (1954), it does not include mere economic damage in the nature of loss of investments, anticipated profits, and financial interests. E.g., *Lowenstein Dyes & Cosmetics, Inc. v. Aetna Life & Casualty Co.,* 524 F.Supp. 574 (E.D.N.Y.1981); *Liberty Mutual Insurance Co. v. Consolidated Milk Producers' Assoc.,* 354 F.Supp. 879 (D.N.H.1973); *Geddes and Smith, Inc. v. St. Paul Mercury Indemnity Co.,* 51 Cal.2d 558, 334 P.2d 881 (1959); *Johnson v. Tally Ho,* 303 A.2d 677, (Del.Super.1977); *Ludwig Candy Co. v. Iowa National Mutual Insurance Co.,* 78 Ill.App.3d 306, 33 Ill.Dec. 605, 396 N.E.2d 1329 (1979). The issue thus is whether the underlying antitrust action alleges mere economic injury or whether it can be construed to allege loss of use of the herring as well.

The plaintiff argues that herring is tangible property and that the inability to sell the herring in a free market is a loss of use of the herring. It concludes, therefore, that the injury alleged in the underlying complaint is "property damage" as defined by the policies. This argument, however, misconceives the nature of the underlying action.

That action is brought pursuant to section 4 of the Clayton Act which provides a private cause of action to any person who is "injured in his business and property by reason of anything forbidden in the antitrust laws...." 15 U.S.C.A. § 15 (West Supp.1983). Although "property" is defined broadly, see *Reiter v. Sonotone Corp.,* 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 391 (1979), we can find no case in which a cause of action was allowed where the injury alleged was other than loss of money. Moreover, we find *Chattanooga Foundry and Pipe Works v. City of Atlanta,* 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed.2d 241 (1906), compelling authority that antitrust actions do not allege property damage. The United States Supreme Court held in that case that a civil antitrust action did not fall within a Tennessee statute of limitations applicable to "actions for injuries to ... property." Mr. Justice Holmes wrote:

[T]here is a sufficiently clear distinction between injuries to property and "injured in his business or property," the latter being the language of the act of Congress. A man is injured in his property when his property is diminished. He would not be said to have suffered an injury to his property unless the harm fell upon something more definite and less ideal than his total wealth. A trademark, or a trade name, or a title, is property, and is regarded as an object capable of injury in various ways. But when a man is made poorer by an extravagant bill we

do not regard his wealth as a unity, or the tort, if there is one, as directed against the unity as an object. We do not go behind the person of the sufferer. We say that he has been defrauded or subject to duress, or whatever it may be, and stop there.

The fishermen complain in paragraph 30 that they are poorer as a result of an alleged antitrust violation. Heeding the words of Justice Holmes, we stop there and do not go beyond the injury to their total wealth. Such an inquiry is beyond the scope of the words "injured in [their] business or property."

 Because the alleged damage can be characterized only as loss of profits, the underlying action fails to allege resulting "property damage," an essential element in the insurance policy definition of "occurrence." Neither insurer, therefore, is obligated to defend the plaintiff in the underlying action. In view of our conclusion that the underlying complaint fails to allege resulting property damage, we need not consider whether it may allege an accident or an accident or event.

The entry is:

Judgment affirmed.

All concurring.