STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-11-340
*TDW-CUM-3/5/2012*

PATRICK LANGEVIN, et al,

        Plaintiffs

v.

ALLSTATE INSURANCE CO.,

        Defendant

STATE OF MAINE
Cumberland ss. Clerk's Office

MAR 05 2012

RECEIVED

ORDER

Before the court are cross-motions for summary judgment by plaintiffs Patrick and Cora Langevin and by defendant Allstate Insurance Co.

1.    Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

2. Undisputed Facts

The facts in this case are undisputed. Charles Johnson owned certain property at 866 Cape Road in Hollis, Maine which he conveyed to the Langevins on May 2, 2005. Johnson had maintained an Allstate homeowners policy on that property until the date of the conveyance.

In 2010 the Langevins filed a lawsuit against Charles Johnson alleging that he had made certain promises and representations on which they had relied in entering the purchase and sale contract for the property. See Complaint in CV-10-427 ¶¶ 10-11, 25. Specifically the Langevins alleged that they had lost their entire investment in the property because it was now unmarketable by reason of substantial cleanup costs associated with its former undisclosed use as a junkyard. Id. ¶ 15. In their complaint, in addition to contractual claims and claims based on intentional wrongdoing, the Langevins included claims for negligence, negligent misrepresentation, and negligent infliction of emotional distress. Id. ¶¶ 16-18, 23-30, 35-37.

Johnson put Allstate on notice of the suit and sought to have Allstate provide a defense under his homeowners policy. Allstate declined to do so, stating that its policy excluded coverage for any liability arising out of contract or agreement. Thereafter Johnson consented to the entry of judgment against him in the amount of $ 330,000. The Langevins do not dispute that Johnson's consent to entry of judgment resulted from an agreement under which recovery on the judgment would not be sought from against Johnson's personal assets.

The Langevins then commenced this suit against Allstate under Maine's reach and apply statute, 24-A M.R.S. § 2904, asserting that the Allstate homeowners policy provides coverage for the judgment they obtained against Johnson.

The cross motions for summary judgment essentially turn on the language of the complaint in CV-10-427 and the Allstate homeowners policy, both of which are contained in the summary judgment record.

3.    Discussion

The reach and apply statute provides in pertinent part that a judgment creditor shall be entitled to bring an action against the insurer of a judgment debtor to have the insurance money applied to the satisfaction of the judgment "if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of such accident, injury, or damage." 24-A M.R.S. § 2904.

In this case there is no dispute that Allstate had notice of the damage alleged and of the Langevins' lawsuit against Johnson. The dispositive issue is whether Johnson, as the judgment debtor, was insured by Allstate against the liability in question – i.e., whether the claims on which the Langevins recovered a judgment were covered by the Allstate homeowners policy.[1] Thus, in an action under the reach and apply statute the court looks first

> to the basis for liability and damages that has been asserted in the underlying complaint and found in the underlying judgment. We than look to the homeowners insurance policy to determine if any of the damages awarded in the underlying judgment are based on claims that would be recoverable pursuant to the homeowners policy.

Jacobi v. MMG Insurance Co., 2011 ME 56 ¶ 14, 17 A.3d 1229, 1233.

---

[1] If the Langevins' claims were covered under the Allstate homeowners policy, Allstate is bound by the judgment recovered against Johnson, see Marston v. Merchants Mutual Insurance Co., 319 A.2d 111, 114 (Me. 1974), and Allstate cannot complain that Johnson consented to a judgment pursuant to an agreement that the judgment would not be executed against his personal assets. See Patrons Oxford Insurance Co. v. Harris, 2006 ME 72 ¶¶ 5, 21, 905 A.2d 819, 823, 828.

3

At the outset, contrary to certain of the arguments raised by the Langevins, the issue of whether their claims are covered by the Allstate homeowners policy is not measured by the same standard applicable to the issue of whether Allstate had a duty to defend. Elliott v. Hanover Insurance Co., 1998 ME 138 ¶ 11, 711 A.2d 1310, 1313. Allstate may have had a duty to defend Johnson in CV-10-427. However, whether or not Allstate breached that duty, it may still argue that its policy did not provide coverage in a subsequent reach and apply action:

> [I]f an insurer who refuses to defend were estopped from asserting the lack of coverage as a defense in a subsequent action, then the insurer's duty to indemnify would be coextensive with its duty to defend. We, however, have repeatedly stated that an insurer's duty to indemnify is independent from its duty to defend and that its duty to defend is broader than its duty to indemnify.

Id.

The Elliott case indicates that if Allstate violated a duty to defend, Allstate would have the burden of proving that the Langevins' claim is not covered under the homeowners policy. Id. More recently, however, in Jacobi v. MMG Insurance Co. the Law Court indicated that the plaintiff in a reach and apply action has the burden of proving that the damages previously awarded fall within the coverage of the insurance policy. 2011 ME 56 ¶ 14, 17 A.3d at 1233. The court reserves decision on whether Allstate violated its duty to defend, but for purposes of this motion will assume that Allstate has the burden of proving that the Langevins claim is not covered under its homeowners policy.

Allstate primarily relies on two provisions of the policy in arguing for a lack of coverage. The first is a provision that excludes coverage for "any liability an insured

4

person assumes arising out of any contract or agreement." Exclusion 15, page 21. The second is the definition of "property damage" set forth at page 3 of the policy.[2]

With respect to the exclusion relating to liability arising out of contract, Allstate argues that all of the Langevins' damages – regardless of the theory under which they sought recovery – resulted from the contract they entered to buy the Hollis property from Johnson. This argument might well prevail if the wording of the policy excluded "any liability arising out of any contract or agreement." The actual wording, however, excludes coverage for "any liability an insured person assumes arising out of any contract or agreement" (emphasis added).

The court interprets that language as applying to any liabilities that an insured "assumes" by entering a contract. Where an insured acts negligently, the insured incurs, rather than assumes, liability. As a result, the exclusion in question would not apply to non-contractual liability – even if that liability arose in the course of a contractual transaction. The Langevins' complaint in CV-10-427 alleged, inter alia, that Johnson was liable in tort on a claim of negligent misrepresentation, and that claim forms part of the basis for the judgment entered against Johnson. As a result, the exclusion for contractual liability does not shield Allstate in this case.

Allstate's other argument is stronger. The homeowners policy covers damages which an insured becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which the policy applies. Policy Section II, Coverage X at page 19. The policy further defines "property damage" as follows:

---

[2] In declining to defend Johnson in CV-10-427, Allstate relied only on the exclusion for liability arising out of a contract or agreement. However, the court is not aware of any authority for the proposition that Allstate may not now argue that the damages sought by the Langevins do not fall within the definition of property damage. Allstate's letter declining to defend and indemnify was sent to Johnson, not to the Langevins.

5

> **"Property Damage"**—means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

Policy Definitions ¶ 10 at page 3.

In this case the Langevins have not recovered damages for physical injury to or destruction of tangible property. Instead, they alleged in their complaint in CV-10-427 that they had relied on the false representations of Johnson and had, as a result, lost their entire investment in the property. See ¶ 15. The loss of investment value sought by the Langevins in this case did not result from physical injury to the property or destruction of the property and is not compensable under an insurance contract covering "property damage." See L. Ray Packing Co. v. Commercial Union Insurance Co., 469 A.2d 832, 835 (Me. 1983).[3]

While an argument can perhaps be made that the prior undisclosed use of the property as a junkyard can be seen as having caused causing physical injury to the property and that the Langevins are therefore seeking damages for loss of use of the property, that argument also does not bring the damages sought within the coverage of the policy. Under the policy, as noted above, there would be coverage for property damage arising from an "occurrence" to which the policy applies. The policy defines "occurrence" as an accident resulting in property damage. See Policy at page 3.

In this case, the occurrence for which the Langevins are seeking recovery is Johnson's misrepresentation or non-disclosure. However, Johnson's misrepresentation did not "result in" property damage. Instead, assuming that the prior use of the

---

[3] Indeed, the Langevins would have a stronger claim under the policy language at issue in the L. Ray Packing case because that language also covered "loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence within the policy period." 469 A.2d at 435 (emphasis added). No such language is set forth in the Allstate homeowners policy, which specifically limits loss of use to the situation when such loss results from physical injury or destruction.

6

property as a junkyard could be construed to constitute property damage, Johnson's misrepresentation constituted a failure to disclose pre-existing property damage.

In sum, the damages sought by the Langevins are not covered under the Allstate homeowners policy, and Allstate is entitled to summary judgment.


The entry shall be:

Defendant's motion for summary judgment is granted, and judgment is entered for defendant dismissing the complaint. Plaintiffs' cross-motion for summary judgment is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March _2_, 2012

Thomas D. Warren
Justice, Superior Court

---------------------------------------------------------------------------

| 01 | 0000007300 | CLIFFORD, PETER | | | |
|----|------------|-----------------|------|------|------------|
| | 56 PORTLAND ROAD KENNEBUNK ME 04043 | | | | |
| F | PATRICK LANGEVIN | | PL | RTND | 08/01/2011 |
| F | CORA PAULETTE LANGEVIN | | PL | RTND | 08/01/2011 |

| 02 | 0000000558 | DOUGLAS, MARTICA | | | |
|----|------------|------------------|------|------|------------|
| | 103 EXCHANGE ST PO BOX 7108 PORTLAND ME 04112-7108 | | | | |
| F | ALLSTATE INSURANCE | | DEF | RTND | 08/01/2011 |