# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARLEYSVILLE PREFERRED<br>INSURANCE CO. and NATIONWIDE<br>MUTUAL INSURANCE CO., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-07-068 FWW |
| | ) | |
| EXECUTIVE BANQUET AND<br>CONFERENCE CENTER,<br>CAPOZZOLI CATERING OF<br>DELAWARE, INC., THETA CHI<br>FRATERNITY, ALPHA<br>EPSILON PHI SORORITY, and<br>BRYAN CONNOLLY and SUSAN<br>CONNOLLY, individually and<br>as co-administrators of the<br>ESTATE OF ETHAN P. CONNOLLY, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 26, 2016
Decided: November 21, 2016

## MEMORANDUM OPINION AND ORDER

Upon Plaintiffs' Motion for Summary Judgment
**GRANTED.**
Upon Defendants' Motion for Summary Judgment
**DENIED.**

Nicholas E. Skiles, Esquire, Swartz Campbell LLC, 300 Delaware Avenue, Suite 1410, P.O. Box 330, Wilmington, Delaware 19801; William T. Salzer, Esquire, Swartz Campbell LLC, Two Liberty Place, 50 S. 16th Street, 28th Floor,

Philadelphia, Pennsylvania 19102; Attorneys for Plaintiffs Harleysville Preferred Insurance Company and Nationwide Mutual Insurance Company.

Melissa L. Rhoads, Esquire, Jason J. Cummings, Esquire, Tighe & Cottrell, P.A., 704 N. King Street, Suite 500, P.O. Box 1031, Wilmington, Delaware 19801; Attorneys for Defendants Capozzoli Catering of Delaware, Inc. & Executive Banquet and Conference Center Catering of Delaware.

Vincent J. X. Hedrick, II, Esquire, Beverly L. Bove, Esquire, 1020 West 18th Street, P.O. Box 1607, Wilmington, Delaware 19899; Attorneys for Defendant Connolly.

Kevin J. Connors, Esquire, Marshall Dennehey Warner Coleman & Goggin, 1007 N. Orange Street, Suite 600, P.O. Box 8888, Wilmington, Delaware 19899; Attorney for Defendant Alpha Epsilon Phi Sorority.

Megan T. Mantzavinos, Esquire, Emily K. Silverstein, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., 300 Delaware Avenue, Suite 900, Wilmington, Delaware 19801; Michael C. Osborne, Esquire, Jennifer A. Riso, Esquire, Archer Norris, One Embarcadero Center, Suite 360, San Francisco, California 94011; Christopher K. Trembley, Esquire, Archer Norris, 777 Figueroa Street, Suite 4250, Los Angeles, California 90017; Attorneys for Defendant for Theta Chi Fraternity.

**WHARTON, J.**

# I. INTRODUCTION

Before the Court are Harleysville Preferred Insurance Company and Nationwide Mutual Insurance Company's ("Plaintiffs") and Capozzoli Catering of Delaware, Inc. ("Capozzoli") and Executive Banquet and Conference Center's ("Center") (collectively referred to as "Defendants") Cross Motions for Summary Judgment regarding an insurance coverage dispute. These parties request the Court to determine whether Plaintiffs are obligated to insure Defendants in a wrongful death suit that is pending before the Court. To resolve this dispute, the Court must determine whether Defendants are in the business of furnishing alcoholic beverages.

Applying Superior Court Civil Rules 56(c) and 56(h) to the Cross Motions for Summary Judgment, the Court finds that Plaintiffs are not required to insure Defendants in the wrongful death suit because Defendants are in the business of furnishing alcoholic beverages. Therefore, Plaintiffs' Motion for Summary Judgment is **GRANTED**, and Defendants' Motion for Summary Judgment is **DENIED**.

# II. FACTUAL AND PROCEDURAL CONTEXT

Capozzoli is in the business of planning and catering various social events at the Center, which is located in Newark, Delaware.[1] Capozzoli leases the Center

---

[1] *See* Billet Dep., D.I. 57, at 14.

from Plumbers & Pipe Fitters Local No. 74 ("Local No. 74").[2] The lease agreement between Capozzoli and Local No. 74 states that Local No. 74 "shall maintain the sole liquor license for the Premises and, in accordance therewith, will be solely responsible for distributing any and all alcohol . . . from the bar."[3]

On October 17, 2013, Capozzoli catered an event for Alpha Epsilon Phi sorority at the Center.[4] In accordance with the lease agreement, Local No. 74 provided bartenders to serve alcohol at the event.[5] Ethan Connolly ("Connolly"), who was a minor at the time, allegedly attended the event and was served alcohol at the bar.[6] Soon thereafter, Ethan allegedly left the event intoxicated and attempted to cross the road when he was fatally struck by oncoming traffic.[7]

On August 1, 2014, Connolly's parents filed a wrongful death lawsuit against several parties, including Defendants.[8] Connolly's parents contend that Defendants proximately caused Connolly's death due to Defendants' negligence in failing to maintain the premises and in failing to ensure that underage patrons were not being served alcohol.[9]

---

[2] *See id.* at 16:11-18.
[3] Defs.' Mot. Summ. J., D.I. 61, at Ex. 1.
[4] Pls.' Mot. Summ. J., D.I. 57, at Ex. 5.
[5] *See* Billet Dep., D.I. 61, at 45:11-19.
[6] D.I. 57, at Ex. 3.
[7] *Id.*
[8] *Id. See Connolly v. Theta Chi Fraternity*, N14C-08-006 (Del. Super.).
[9] *Id.*

Defendants are insured by two commercial liability insurance policies through Plaintiffs.[10] Plaintiffs have the "duty to defend the insured against any 'suit' seeking damages for . . . 'bodily injury.'"[11] However, both policies have a Liquor Liability exclusion ("Exclusion") in them that removes insurance coverage.[12] This Exclusion removes coverage for "bodily injury" when an insured may be held liable by reason of:

> (1) Causing or contributing to the intoxication of any person;
>
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.[13]

This Exclusion applies only if the insured is "in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages."[14]

On July 8, 2015, Plaintiffs filed a declaratory law suit contending that they are not obligated to defend Defendants in the underlying suit because the Exclusion applies.[15] On July 5, 2016, Plaintiffs filed their Motion for Summary Judgment. On August 4, 2016, Defendants filed their response to Plaintiffs'

---

[10] D.I. 57, at Exs. 1, 2.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] D.I. 1, at 9.

Motion for Summary Judgment as well as their own Motion for Summary Judgment. The parties appeared before the Court for oral argument on the Cross Motions on September 26, 2016.

### III. THE PARTIES' CONTENTIONS

Plaintiffs argue that the Exclusion applies because Defendants are in the business of furnishing alcohol.[16] Notably, Plaintiffs argue that Defendants are in the business of furnishing alcohol because Defendants advertise bar options online, negotiate bar options directly with customers, and collect money from customers for alcohol and bartenders.[17] Additionally, Plaintiffs contend that Defendants are in the business of furnishing alcohol because Defendants admit that their ability to provide alcohol at events is "integral" to their business success.[18]

In contrast, Defendants argue that the Exclusion should be construed in their favor because the word "furnish" is ambiguous in this factual context.[19] Specifically, Defendants argue that they are not in the business of furnishing alcohol because they do not serve alcohol—Local No. 74 hires bartenders who serve alcohol.[20] Furthermore, Defendants do not hold the liquor license, and they receive none of the proceeds from the sale of alcohol on the premises.[21] "Since

---

[16] D.I. 61, at 5–6.
[17] *Id.*
[18] *Id.*
[19] D.I. 57, at ¶ 10.
[20] *Id.*
[21] *Id.* at ¶ 13.

Capozzoli does not own the premises, does not hold the sole liquor license, does not employ the bartenders, and does not receive the proceeds from the service or sale of liquor on the premises," Defendants argue that they cannot be in business of furnishing alcohol.[22]

## IV. STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law."[23] When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[24] In the event that the parties have filed cross motions for summary judgment and have not argued that a genuine issue of material fact exists, "the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based on the record submitted with the motions."[25] If the Court finds that there are no genuine issues of material fact, summary judgment will be granted in favor of one party.[26]

## V. DISCUSSION

The legal principles for interpreting insurance policies are well-settled in Delaware. An insurance policy should be given its ordinary and usual meaning

---

[22] *Id.*

[23] Super. Ct. Civ. R. 56(c).

[24] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992).

[25] Super. Ct. Civ. R. 56(h).

[26] *See Emmons v. Hartford Underwriters Ins. Co.*, 697 A.2d 742, 744–45 (Del. 1997).

7

when the provisions contained therein are clear and unambiguous.[27]  When the language of an insurance policy is clear and unambiguous, "a party will be bound by its plain meaning because creating an ambiguity where none exists could, in effect, create a new contract with rights, liabilities and duties to which the parties had not assented."[28]

Moreover, courts in this jurisdiction have found that an insurance policy is not "rendered ambiguous simply because the parties do not agree upon its proper construction."[29]  An insurance policy is ambiguous "only when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings."[30]

Applying these principles here, the Exclusion shall be construed according to its ordinary and usual meaning because the word "furnish" is unambiguous in this context.  According to *Webster's Concise Dictionary*, the word "furnish" means "to supply; provide," and "to supply" something means "to make it available."[31]  Despite Defendants' arguments to the contrary, an ordinary reading of these definitions makes clear that furnishing something is not limited to one

---

[27] *See Rhone-Poulenc Basic Chems. Co. v. American Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992) (citing *Johnston v. Tally Ho, Inc.*, 303 A.2d 677, 679 (Del. Super. 1973)).

[28] *Id.* at 1195–96 (quoting *Hallowell v. State Farm Mut. Auto. Ins. Co.*, 443 A.2d 925, 926 (Del. 1982)).

[29] *Id.* at 1196.

[30] *Id.* (citing *Hallowell*, 443 A.2d at 926).

[31] *Webster's Concise Dictionary* (ed. 1997).

physically handing something to another. Instead, one can furnish something to another by providing the means for that person to obtain it.

While it is true that Defendants neither physically pour the alcoholic beverages nor hold the liquor license, Defendants are directly responsible for making alcohol available at events. Defendants are in the business of catering social events at the Center, and they advertise their business online.[32] Interested customers, who see the advertisements, contact Defendants to book an event. While booking an event, customers tell Defendants which bar service, if any, that they want, and Defendants provide that service accordingly.[33] Customers do not discuss anything about bar services with Local No. 74, which provides the bartenders.[34] As these facts illustrate, an important part of Defendants' business is contracting with interested customers about which bar services will be offered at events.[35] Therefore, the Court finds that Defendants are in the business of furnishing alcohol because a part of their business is to arrange for alcohol to be served at events.

## VI. CONCLUSION

The Court finds that the Exclusion is applicable in the underlying case because Defendants are in the business of furnishing alcoholic beverages and

---

[32] *See* Billet Dep., D.I. 57, at 14:11-21; 25–26.
[33] *See id.* at 29.
[34] *See* Capozzoli Dep., D.I. 57, at 13:10-24.
[35] Defendants admit that serving alcohol is an important feature of their catering business. *See* Billet Dep., D.I. 57, at 37:16-21; Capozzoli Dep., D.I. 57, at 32:17-22.

because they may be held liable for furnishing alcoholic beverages to a person under the legal drinking age. Accordingly, Plaintiffs' Motion for Summary Judgment is **GRANTED**, and Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

_____
Ferris W. Wharton, Judge