STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. CV-10-529
CV-10-538

ᵀᴶᵂ-CUM-ᵍ/ʷᵗ/ᶻᵒⁱ²

PAUL DRAGOMIR,

Plaintiff,

v.

MEDICAL MUTUAL INSURANCE
CO., et al,

Defendants.

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

AUG 28 2012

RECEIVED

Before the court in these consolidated cases are motions for summary judgment

by defendants Medical Mutual Insurance Co. and York Insurance Co.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law. In considering a

motion for summary judgment, the court is required to consider only the portions of the

record referred to and the material facts set forth in the parties' Rule 56(h) statements.

E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be

considered in the light most favorable to the non-moving party. Id. Thus, for purposes

of summary judgment, any factual disputes must be resolved against the movant.

Nevertheless, when the facts offered by a party in opposition to summary judgment

would not, if offered at trial, be sufficient to withstand a motion for judgment as a

matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME

99 ¶ 8, 694 A.2d 924, 926.

Undisputed Facts

In this case all of the essential facts are undisputed. Dragomir has admitted all of the factual assertions in the statements of material facts submitted by Medical Mutual and York Insurance and has submitted a short statement of additional material facts. For their part, the defendant insurers have admitted many of Dragomir's additional material facts with a few qualifications primarily relating to relevancy and admissibility.[1]

The case arises from a relationship that began when plaintiff Paul Dragomir, who had been undergoing treatment for mental health and other issues as an inpatient at Spring Harbor, transferred to Spring Harbor's partial hospitalization program. At that time Dragomir began therapy with Eric Richardson, a licensed clinical social worker employed at Spring Harbor.

Richardson continued to treat Dragomir when Dragomir transitioned from the partial hospitalization program to intensive outpatient treatment and then to individual

---

[1] For purposes of this motion, the court has accepted all of Dragomir's additional facts except for his reference to Richardson's assertion in his deposition that Richardson's sexual relationship with Dragomir did not start until the therapist-patient relationship had ended. See Dragomir SMF ¶ 13. First, any reliance on that testimony is foreclosed by Dragomir's admission, in responding to defendants' statements of material facts, that the sexual relationship began while Richardson was his therapist. York Insurance Co. SMF dated February 2, 2012 ¶ 20-21 (admitted); Medical Mutual SMF dated February 6, 2012 ¶ 18(a) (admitted). Second, Dragomir's complaint alleges that the sexual relationship began during his therapy with Richardson. Second Amended Complaint dated March 31, 2011 ¶ 8. Dragomir also testified that the sexual relationship began in May 2000 while he was receiving therapy from Richardson. See Medical Mutual SMF ¶ 18(a). Most importantly, Richardson's deposition testimony on this issue is inconsistent with Richardson's guilty plea to gross sexual assault based on sexual acts occurring at a time when Richardson was in a therapist-patient relationship with Dragomir. Under these circumstances, Richardson's subsequent self-serving contention that the sexual relationship did not begin until the therapy had ended does not raise a disputed issue of fact.

Even if Richardson's deposition testimony on this issue were not disregarded, moreover, it would not raise a factual dispute for trial for reasons set forth below.

2

outpatient therapy. By June of 2000 and possibly a month earlier, a sexual relationship had begun between Richardson and Dragomir at a time when Richardson was serving as Dragomir's therapist. See York Insurance Co. Statement of Material Facts dated February 2, 2012 ¶ 20-21 (admitted); Medical Mutual Statement of Material Facts dated February 6, 2012 ¶ 18(a) (admitted). Richardson continued to engage in sexual acts with Dragomir until Dragomir's treatment concluded in January 2001.

In July 2001 Dragomir disclosed to Spring Harbor that he had been sexually victimized by Richardson at a time when Richardson was serving as Dragomir's therapist. Richardson was immediately suspended from Spring Harbor and then resigned. He was reported to the Board of Licensure and was later convicted of gross sexual assault under the provision of the criminal law that prohibits sexual acts between a social worker and a person receiving mental health therapy as a client of the social worker. 17-A M.R.S. § 253(2)(I).[2]

Dragomir thereafter sued Richardson and Spring Harbor. Dragomir v. Richardson, CV-02-615 (Superior Court Cumberland County). His claim against Spring Harbor was based on two theories: that Spring Harbor as Richardson's employer was vicariously liable for Richardson's actions and that Spring Harbor was liable for negligent supervision of Richardson.

The Superior Court granted summary judgment for Spring Harbor on both of those claims. On appeal, the Law Court affirmed the dismissal of Dragomir's vicarious liability claim but remanded the negligent supervision claim for consideration by a medical malpractice screening panel and then by the court. Dragomir v. Spring Harbor Hospital, 2009 ME 51, 970 A.2d 310.

---

[2] Richardson was convicted under section 253(2)(I) as it existed in 2000-01. The requirement that "mental health therapy" be involved has since been deleted.

After a panel hearing Dragomir dismissed his negligent supervision claim against Spring Harbor and proceeded with his claims against Richardson. Subsequently Richardson consented to the entry of a $125,000 judgment against him with the proviso that the judgment could not be executed against any of Richardson's personal assets or income. See Consent Judgment dated March 7, 2011 in CV-02-615.

Dragomir than brought these consolidated actions. During the time when Dragomir's cause of action against Richardson arose, defendant Medical Mutual maintained insurance covering Spring Harbor employees.[3] During the time when Dragomir's cause of action against Richardson arose, Richardson also had a homeowner's insurance policy with defendant York Insurance. Dragomir seeks declaratory judgments that Medical Mutual and York Insurance are obligated to indemnify Richardson for the damages awarded against Richardson in CV-02-615 and seeks recovery of $125,000 against Medical Mutual and York Insurance under the reach and apply statute, 24-A M.R.S. § 2904.

Given that the essential facts are undisputed, the pending motions turn on questions of law – whether either the Medical Mutual policy or the York Insurance homeowner's policy or both cover the claims against Richardson for which Dragomir has obtained a $125,000 judgment.

Claim Against Medical Mutual

Although the briefs of the parties address several of the provisions in the Medical Mutual policy, the court concludes that one provision in that policy is dispositive. Both

---

[3] Medical Mutual's policy covered occurrences during the period from May 2000 through July 2001 – when the sexual acts between Richardson and Dragomir occurred – and also covered claims made during the period from July 2001, when Dragomir first reported Richardson's actions, through 2002, when Dragomir filed a notice of claim.

4

the "Occurrence" and the "Claims Made" portions of the Medical Mutual policy expressly exclude coverage for "sexual misconduct." Specifically, the section of the Medical Mutual policy covering occurrences states that employees are not protected for "injury resulting from any sexual misconduct." See Form MMHCP-4 (8/95), page 5 of 17. "Sexual Misconduct" is defined as

> Any sexual intimacy, sexual molestation, sexual harassment, sexual exploitation, sexual assault, or any conduct or behavior which leads to or may lead to a sexual act.

Id. (emphasis added). That section of the policy goes on to reiterate that coverage is not provided for any claim that results from sexual misconduct by an employee, incorporating the same definition of sexual misconduct. Form MMHCP-4 (8/95), page 8 of 17.

Similar language excludes coverage under the "claims made" portion of the Medical Mutual policy for sexual misconduct. See Form MMHCP-3 (9/94), page 3 of 4. That exclusion goes on to state that it applies even if it is contended that the sexual misconduct in question occurred in the course of providing professional health care services. Id.

Based on this exclusion, Medical Mutual is not obligated to indemnify Richardson for Dragomir's $125,000 judgment and is not subject to liability under the reach and apply statute. Dragomir argues that his claims against Richardson are not limited to Richardson's sexual misconduct but are also based on the fact that Richardson allowed a social relationship to develop, which was inappropriate given the therapist-client relationship and which Dragomir apparently claims resulted in harm even if no sexual relationship had occurred. This argument fails, however, for three separate reasons.

5

First, the Law Court has already ruled – in connection with the specific claims brought in CV-02-615 for which Dragomir seeks recovery in this action – that Dragomir's claims

> all relate back to the sexual relationship. Dragomir does not establish a claim for negligent treatment that is separate and apart from his claims concerning the sexual relationship with Richardson.

2009 ME 51 ¶ 14.[4]

Second, under the circumstances of this case it would be impossible for any trier of fact to separate out alleged injury incurred by Dragomir as a result of an inappropriate social relationship with Richardson from the injury suffered by Dragomir as a result of the inappropriate sexual relationship with Richardson.

Third, the policy exclusion expressly covers not only sexual misconduct itself but also "any conduct or behavior which leads to or may lead to a sexual act." This exclusion is broad enough to encompass any transgression by Richardson of the social boundaries between himself and Dragomir that occurred before a sexual relationship began.[5]

---

[4] As far as the court can tell, Dragomir is not arguing that his claims against Richardson were not limited to negligence but also included intentional torts. Any such argument would be foreclosed by the Medical Mutual policy exclusion for any bodily injury that was "expected or intended" by an employee. See Form MMHCP-4 (8/95), page 8 of 17; Jacobi v. MMG Insurance Co., 2011 ME 56 ¶¶ 15-16, 17 A.3d 1229. There is also an argument that Richardson's conviction for sexual assault in and of itself places this case within the policy exclusion for injury that was "expected or intended." See Landry v. Leonard, 1998 ME 241 ¶¶ 9 -11, 720 A.2d 907; Perrault v. Maine Bonding & Casualty Co., 568 A.2d 1100, 1101 (Me. 1990). This issue will be discussed further below in connection with Dragomir's claim against York Insurance but does not need to be reached in connection with his claim against Medical Mutual.

[5] This exclusion is also broad enough to preclude coverage even if the court were to credit Richardson's recent attempt to contend that the sexual relationship did not technically begin until after therapy had ended. See n. 1 supra.

6

Medical Mutual is therefore entitled to summary judgment dismissing Dragomir's complaint and declaring that Dragomir is not entitled to indemnification from Medical Mutual.

Claim Against York Insurance

Richardson's homeowners policy with defendant York Insurance does not contain a sexual misconduct exclusion. Whether York Insurance has an obligation to indemnify Richardson turns on provisions of the York Insurance homeowners policy that exclude bodily injury "that is expected or intended by the insured," that exclude bodily injury "arising out of or in connection with a business engaged in by the insured," and that exclude bodily injury "arising out of the rendering of or failure to render professional services." York Insurance Policy, Section II Exclusions 1(a), 1(b), and 1(d).

At the outset Dragomir argues, as he did in opposing Medical Mutual's motion, that his claims against Richardson are not limited to Richardson's sexual misconduct but are also based on the fact that Richardson allowed an inappropriate social relationship to develop. Once again, however, this argument is unavailing given the Law Court's ruling that Dragomir's negligence claims "all relate back to the sexual relationship" and that he has not established "a claim for negligent treatment that is separate and apart from his claims concerning the sexual relationship with Richardson." 2009 ME 51 ¶ 14. As noted above, moreover, it would be impossible for any trier of fact to separate out any alleged injury incurred by Dragomir as a result of an inappropriate social relationship from the injury suffered by Dragomir as a result of the inappropriate sexual relationship.

7

A. Exclusion for Injury that is "Expected or Intended"

It is self-evident that the exclusion for injury that is "expected or intended" would apply to all of Dragomir's claims against Richardson based on intentional torts. However, in CV-02-615 Dragomir also asserted claims of professional negligence and negligent infliction of emotional distress against Richardson.[6]

In this connection the court can consider Richardson's conviction for gross sexual assault. See Landry v. Leonard, 1998 ME 241 ¶¶ 9 -11. The specific provision of the gross sexual assault statute under which Richardson was convicted did not require a finding of intentional or knowing conduct. See 17-A § 253(2)(I).[7] Nevertheless the court concludes that the "expected or intended" exclusion would nevertheless apply to Dragomir's negligence claims against Richardson. This follows from Landry v. Leonard, 1998 ME 241, in which the Law Court found that the "expected or intended" exclusion applied when, given the nature of the crime, it was highly likely that bodily injury would result.

The insured in Landry had been convicted of armed robbery as an accomplice. The insured had been aware that the victim of the robbery would be threatened with a knife but asserted that she did not expect that any actual injury would be inflicted, and she had left the robbery scene before the knife was used. 1998 ME 241 ¶ 3. Moreover, the elements of the crime for which she was convicted did not include either the infliction of injury or the intent to inflict injury. See 1998 ME 241 ¶ 3 n.1.

Under those circumstances the Law Court could have found that there was an issue of fact as to whether the "expected or intended" exclusion applied or whether the

---

[6] Dragomir's complaint against Richardson alleged five causes of action: professional negligence, battery, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress.

[7] This is true both with respect to section 253(2)(I) as it existed in 2000-01 and as it exists today.

insured had instead been negligent in participating in a robbery where she thought that the knife would only be used as a threat. However, the Law Court concluded from the nature of the crime that bodily injury was so likely to result "that we will deem willing participation in the crime to be the intent or expectation to cause the bodily injury." 1998 ME 241 ¶ 9.

Similarly, the court concludes in this case that sexual acts between a licensed social worker and a client receiving mental health therapy from that social worker are so highly likely to result in psychological and other injury to the client that the injury in question must be deemed to have been "expected or intended."[8] As noted in Landry, the principle that it is "against public policy for insurance to indemnify an insured against his own criminal acts," 1998 ME 241 ¶ 11, also supports this conclusion.


B. Injury Arising out of the Rendering of Professional Services

In the alternative, the court concludes that Dragomir's claim against Richardson was for injury "arising out of the rendering of . . . professional services" and is therefore excluded from coverage under Exclusion 1(d) of the York Insurance homeowners policy.

This conclusion is not altered by the Law Court's ruling that Richardson's sexual misconduct with Dragomir did not occur within the scope of Richardson's employment. Dragomir v. Spring Harbor Hospital, 2009 ME 51 ¶¶ 12-13. The question of whether an employee is acting within the scope of his employment is directed to the issue of vicarious liability – whether the employee was acting on behalf of his or her employer

---

[8] It bears emphasis that at the time Richardson was convicted of a sexual act with a patient receiving mental health therapy, the statute defined mental health therapy as therapy based upon "an intimate relationship involving trust and dependency with a substantial potential for vulnerability and abuse." 17-A M.R.S. § 253(2)(I) as in effect in 2000-01.

to a sufficient extent that the employer should be held liable for the actions of the employee. That is an entirely different question than whether the actions complained of arose from the rendition of professional services.

In this case Dragomir's claims against Richardson were expressly based on alleged professional negligence. Dragomir argues that there is a factual dispute as to the applicability of the "rendition of professional services" exclusion because Richardson testified that his sexual relationship with Dragomir was not therapy. However, it is undisputed that the inappropriate sexual relationship between Richardson and Dragomir "arose from" the professional services that Richardson, as a clinical social worker, provided to Dragomir during the latter's partial hospitalization program, his intensive outpatient program, and his program of individual outpatient therapy.[9] As a result, Exclusion 1(d) is applicable.

York Insurance Co. is therefore entitled to summary judgment dismissing Dragomir's complaint and declaring that Dragomir is not entitled to indemnification from York Insurance.

The entry shall be:

The motions for summary judgment by defendants Medical Mutual Insurance Co. and York Insurance Co. are granted, and judgment is entered declaring that defendants Medical Mutual and York Insurance are not obligated to indemnify Eric Richardson for the judgment rendered against him. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August _27_, 2012

_____
Thomas D. Warren
Justice, Superior Court

---

[9] This would be true regardless of when the sexual relationship actually began. See n.1 supra.

10

---

| 01 | 0000003412 | BALS, LEE | | | |
|----|-----------|-----------|---|---|---|
| | ONE CANAL PLAZA SUITE 600 PORTLAND ME 04101-4035 | | | | |
| F | ERIC RICHARDSON | | DEF | RTND | 11/22/2010 |

| 02 | 0000003313 | TAINTOR, CHRISTOPHER | | | |
|----|-----------|-----------|---|---|---|
| | 415 CONGRESS STREET PO BOX 4600 PORTLAND ME 04112-4600 | | | | |
| F | MEDICAL MUTUAL INSURANCE COMPANY | | DEF | RTND | 11/22/2010 |

| 03 | 0000002837 | TEPLER, SHELDON J | | | |
|----|-----------|-----------|---|---|---|
| | 186 LISBON ST PO BOX 3065 LEWISTON ME 04243-3065 | | | | |
| F | PAUL DRAGOMIR | | PL | RTND | 10/20/2010 |

| 04 | 0000007564 | WALL, JOHN | | | |
|----|-----------|-----------|---|---|---|
| | 95 EXCHANGE ST PO BOX 7046 PORTLAND ME 04112-7046 | | | | |
| F | YORK INSURANCE COMPANY OF MAINE | | DEF | RTND | 11/10/2010 |

STATE OF MAINE
  vs
ADAM  GAMAGE                                          Docket No  CUMCD-CR-2011-08183
20 LAUREN LANE
WOOLWICH ME 04579                                    **DOCKET RECORD**

DOB: 09/11/1979
Attorney: GEORGE HESS                    State's Attorney: NORMAN CROTEAU
          GEORGE A HESS ESQ
          11 LISBON ST., LEWISTON
          PO BOX 423
          AUBURN ME 04212-0423
          APPOINTED 05/31/2011

Filing Document: INDICTMENT                Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 04/06/2011

## Charge(s)

**1   OPERATING UNDER THE INFLUENCE-INJURY      01/04/2011 LISBON**
Seq 11516 29-A  2411(1-A)(D)(1)        Class C
   STEWART              / LIS

**2   AGGRAVATED DRIVING TO ENDANGER            01/04/2011 LISBON**
Seq 11122 29-A  2413(1-A)              Class C
   STEWART              / LIS


## Docket Events:

12/20/2011 Charge(s): 1,2
         TRANSFER -  PERMANENT TRANSFER EDI ON 12/20/2011 at 06:00 p.m.

         TRANSFERRED CASE: SENDING COURT CASEID AUBSCCR201100366
         FILING DOCUMENT -  INDICTMENT FILED ON 04/06/2011

         TRANSFER -  BAIL AND PLEADING GRANTED ON 04/06/2011

         TRANSFER -  BAIL AND PLEADING REQUESTED ON 04/06/2011

         Charge(s): 1,2
         HEARING -  ARRAIGNMENT SCHEDULED FOR 04/28/2011 at 08:30 a.m.

         Charge(s): 1,2
         HEARING -  ARRAIGNMENT FTA ON 04/28/2011
         ROBERT W CLIFFORD , ASSOCIATE JUSTICE
         DA:  CRAIG TURNER         Reporter: PENNY PHILBRICK-CARVER
         Defendant Not Present in Court
         SUMMONS/SERVICE -  SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 04/08/2011

         SUMMONS/SERVICE -  SUMMONS TO APPEAR FOR ARRAIGN RET UNDELIVERABLE ON 04/12/2011

         OTHER FILING -  WITNESS LIST FILED BY STATE ON 04/11/2011

         BAIL BOND -  $1,000.00 CASH BAIL BOND SET BY COURT ON 04/28/2011

NO USE/POSS ALCOHOL. SUBMIT TO RANDOM SEARCH AND TEST FOR SAME. NOT TO OPERATE ANY MOTOR
VEHICLE WITHOUT A VALID LICENSE.
WARRANT - FOR FAILURE TO APPEAR ORDERED ON 04/28/2011
ROBERT W CLIFFORD , ASSOCIATE JUSTICE
WARRANT - FOR FAILURE TO APPEAR ISSUED ON 05/02/2011


CERTIFIED COPY TO WARRANT REPOSITORY
WARRANT - FOR FAILURE TO APPEAR EXECUTED ON 05/03/2011


WARRANT - FOR FAILURE TO APPEAR RETURNED ON 05/06/2011


BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 05/06/2011


BAIL BOND - CASH BAIL BOND DISBURSEMENT ON 12/20/2011


BAIL BOND - CASH BAIL BOND CONTINUED AS POSTED ON 05/26/2011


AT ARR SAME BAIL TO CONT
Charge(s): 1,2
HEARING - ARRAIGNMENT SCHEDULED FOR 05/26/2011 at 08:30 a.m.


Charge(s): 1,2
HEARING - ARRAIGNMENT HELD ON 05/26/2011
MARYGAY KENNEDY , JUDGE
Attorney: GEORGE HESS
DA: ANDREW MATULIS          Reporter: PENNY PHILBRICK-CARVER
Defendant Present in Court


READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 30 DAYS TO FILE MOTIONS
Charge(s): 1,2
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 05/26/2011


MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/26/2011


MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 05/31/2011
MARYGAY KENNEDY , JUDGE
DEF IS INDIGENT. COPY OF APPT PAPERS MAILED TO ATTY 6/1/11
Party(s): ADAM GAMAGE
ATTORNEY - APPOINTED ORDERED ON 05/31/2011


Attorney: GEORGE HESS
MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 06/23/2011


MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 06/23/2011


MOTION - MOTION EXPERT WITNESS REPORT GRANTED ON 07/21/2011
ROBERT W CLIFFORD , ASSOCIATE JUSTICE
STATE TO PROVIDE EXPERT REPORT OF EXPERT WITNESSES INTENDED TO BE CALLED. ATTESTED COPIES
MAILED GEORGE HESS, ESQ. AND GIVEN D.A. ON 7/21/11
MOTION - OTHER MOTION FILED BY DEFENDANT ON 06/23/2011


MOTION TO PRESERVE EVIDENCE

MOTION - OTHER MOTION GRANTED ON 07/21/2011
ROBERT W CLIFFORD , ASSOCIATE JUSTICE
MOTION TO PRESERVE EVIDENCE                              ATTESTED COPIES
MAILED GEORGE HESS, ESQ. AND GIVEN D.A. ON 7/21/11
OTHER FILING - REQUEST FOR CHEMIST AT TRIAL FILED ON 06/23/2011


MOTION - MOTION TO RECONSIDER FINDING FILED BY STATE ON 08/11/2011


OTHER FILING - WITNESS LIST FILED BY STATE ON 08/22/2011


AMENDED LIST
HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 12/05/2011 at 08:30 a.m.


HEARING - DISPOSITIONAL CONFERENCE HELD ON 12/05/2011
ROBERT W CLIFFORD , ASSOCIATE JUSTICE
Attorney: GEORGE HESS
DA: ANDREW MATULIS          Reporter: PENNY PHILBRICK-CARVER
Defendant Not Present in Court


ATTY HESS TO FILE MOTION FOR CHANGE OF VENUE BY 12/9/11 REQUESTING CASE BE TRANSFERRED TO
CUMBERLAND COUMTY DUE TO CONFLICT WITH JUSTICE KENNEDY AS WITNESS
MOTION - MOTION EXPERT WITNESS REPORT FILED BY STATE ON 12/08/2011


MOTION - MOTION EXPERT WITNESS REPORT GRANTED ON 12/08/2011
ROBERT W CLIFFORD , ASSOCIATE JUSTICE
TO BE PROVIDED 2 WEEKS PRIOR TO TRIAL. ATTESTED COPIES MAILED GEORGE HESS ESQ AND GIVEN
DA ON 12/8/11
12/20/2011 MOTION - MOTION TO CHANGE VENUE FILED BY DEFENDANT ON 12/09/2011


MOTION - MOTION TO CHANGE VENUE GRANTED ON 12/12/2011
ROBERT W CLIFFORD , ASSOCIATE JUSTICE
ATTESTED COPIES MAILED GEORGE HESS ESQ AND GIVEN DA ON 12/20/11
Charge(s): 1,2
FINDING - PERMANENT TRANSFER TRANSFERRED ON 12/20/2011


CUMCD
12/22/2011 Charge(s): 1,2
TRANSFER - PERMANENT TRANSFER RECVD BY COURT ON 12/22/2011
TERESA SAWYER-BLACK , ASSISTANT CLERK
AUBSC CR-11-366
12/22/2011 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 05/06/2011


Bail Receipt Type: CR
Bail Amt: $1,000
                              Receipt Type: CK
Date Bailed: 05/04/2011       Prvdr Name: DAVID GAMAGE
                              Rtrn Name: DAVID GAMAGE
4/5/55  682                                          ANDRO SC TX
02/01/2012 HEARING - CONFERENCE SCHEDULED FOR 03/01/2012 at 03:00 p.m.


NOTICE TO PARTIES/COUNSEL
02/01/2012 HEARING - CONFERENCE NOTICE SENT ON 02/01/2012

NOTICE SENT TO GEORGE HESS, ESQ., AND ANDREW MATULIS, ADA.

03/21/2012 HEARING - CONFERENCE NOT HELD ON 03/21/2012

03/29/2012 HEARING - CONFERENCE SCHEDULED FOR 04/12/2012 at 03:00 p.m.

NOTICE TO PARTIES/COUNSEL

03/29/2012 HEARING - CONFERENCE NOTICE SENT ON 03/29/2012

04/18/2012 HEARING - CONFERENCE HELD ON 04/12/2012
ROLAND A COLE , JUSTICE
Attorney: GEORGE HESS
DA: ANDREW MATULIS
CASE TO BE SET FOR A MOTION HEARING

04/18/2012 MOTION - MOTION TO CONTINUE FILED BY STATE ON 04/18/2012

04/19/2012 MOTION - MOTION TO CONTINUE GRANTED ON 04/18/2012
ROLAND A COLE , JUSTICE
COPY TO PARTIES/COUNSEL

04/30/2012 Charge(s): 1,2
HEARING - MOTION TO SUPPRESS SCHEDULED FOR 05/17/2012 at 09:00 a.m. in Room No. 8

NOTICE TO PARTIES/COUNSEL

04/30/2012 Charge(s): 1,2
HEARING - MOTION TO SUPPRESS NOTICE SENT ON 04/30/2012

05/17/2012 Charge(s): 1,2
HEARING - MOTION TO SUPPRESS NOT HELD ON 05/17/2012

ASSISTANT D A MATULIS IN TRIAL, NOT AVAILABLE FOR HEARING.

05/31/2012 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 08/10/2012 at 01:00 p.m. in Room No. 8
ROLAND A COLE , JUSTICE
NOTICE TO PARTIES/COUNSEL

05/31/2012 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 05/31/2012

06/01/2012 HEARING - CONFERENCE SCHEDULE OTHER COURT ON 06/13/2012 at 08:30 a.m.

AUBSC WITH JUSTICE COLE

06/12/2012 LETTER - FROM PARTY FILED ON 06/12/2012

LETTER FROM ATTY. HESS REGARDING PRETRIAL CONFERENCE

08/10/2012 HEARING - MOTION TO SUPPRESS HELD ON 08/10/2012
ROLAND A COLE , JUSTICE
TAPE 4165 INDEX 3391-5253. STATES EXHIBITS 1, 2, 3 AND 4 OFFERED, ADMITTED WITHOUT
OBJECTION. (IN FILE) JUSTICE COLE TAKES MATTER UNDER ADVISEMENT.

08/24/2012 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 08/23/2012
ROLAND A COLE , JUSTICE
COPY TO PARTIES/COUNSEL                                                    SEE ORDER IN
FILED

08/24/2012 Charge(s): 1,2
ORDER - COURT ORDER FILED ON 08/23/2012
ROLAND A COLE , JUSTICE
ORDER ON MOTION TO SUPPRESS EVIDENCE FILED

A TRUE COPY
ATTEST: _____
Clerk

A TRUE COPY
ATTEST: _____
Clerk