J-S23011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCUS DEANS | |
| Appellant | No. 3344 EDA 2015 |

Appeal from the PCRA Order October 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0016655-2008

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 19, 2017**

Appellant, Marcus Deans, appeals from the October 8, 2015 order denying his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  We affirm.

The factual background of this case is as follows.  On October 9, 2008, Richard Bell ("Bell") and Appellant were present at a craps game at the corner of 72nd and Greenway Streets in Philadelphia.  Appellant pointed a gun at Bell's face and demanded he hand over his money.  Bell gave Appellant approximately $100.00 in United States currency.  Appellant then ordered Bell to lie down.  When Bell refused to lie down, a struggle ensued.  During the struggle, Appellant shot Bell twice – once in the wrist and once in the abdomen.

The procedural history of this case is as follows. On January 9, 2009, the Commonwealth charged Appellant via criminal information with attempted murder,[1] aggravated assault,[2] carrying a firearm without a license,[3] theft by unlawful taking,[4] receiving stolen property,[5] carrying a firearm on the streets of Philadelphia,[6] possessing an instrument of crime,[7] simple assault,[8] recklessly endangering another person,[9] and robbery.[10] On December 18, 2009, Appellant was convicted of aggravated assault, robbery, carrying a firearm on the streets of Philadelphia, possessing an instrument of crime, and attempted murder. On April 29, 2010, the trial court sentenced Appellant to 15 to 30 years' imprisonment. On direct appeal, this Court affirmed Appellant's convictions; however, this Court vacated a portion of Appellant's sentence. *Commonwealth v. Deans*, 47

_____

[1] 18 Pa.C.S.A. §§ 901, 2502.

[2] 18 Pa.C.S.A. § 2702(a).

[3] 18 Pa.C.S.A. § 6106(a)(1).

[4] 18 Pa.C.S.A. § 3921(a).

[5] 18 Pa.C.S.A. § 3925.

[6] 18 Pa.C.S.A. § 6108.

[7] 18 Pa.C.S.A. § 907(a).

[8] 18 Pa.C.S.A. § 2701(a).

[9] 18 Pa.C.S.A. § 2705.

[10] 18 Pa.C.S.A. § 3701(a)(1)(i).

A.3d 1233 (Pa. Super. 2012) (unpublished memorandum). That vacatur did not impact Appellant's aggregate sentence.

On June 7, 2012, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. At the conclusion of an evidentiary hearing held on October 8, 2015, the PCRA court denied the petition. This timely appeal followed.[11]

Appellant presents four issues for our review.

1. [Was trial counsel ineffective in failing] to properly object to and preserve on the record the suggestiveness of [Bell's] in-court identification of [] Appellant?

2. [Was trial counsel ineffective in failing] to interview and subpoena essential exculpatory defense witnesses?

3. [Was trial counsel ineffective in failing] to disclose the existence of a plea offer and for misrepresenting the potential sentence Appellant would receive if he was found guilty?

4. [Was appellate counsel ineffective in failing] to challenge the sufficiency of the evidence?

Appellant's Brief at 4.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (internal quotation marks and citations omitted). All of Appellant's issues

---

[11] On November 9, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P.1925(b). On November 30, 2015, Appellant filed his concise statement. On July 18, 2016, the PCRA court issued its Rule 1925(a) opinion. All of Appellant's issues were included in his concise statement.

allege that his counsel was ineffective at the trial or appellate level. "[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015) (internal quotation marks and citation omitted). "[C]ounsel is presumed to be effective." *Commonwealth v. Patterson*, 143 A.3d 394, 398 (Pa. Super. 2016) (citation omitted). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015) (citation omitted). Where it is clear that a petitioner has failed to satisfy any one prong of the test, this Court may dispose of the claim on that basis alone. *See Commonwealth v. Faurelus*, 147 A.3d 905, 911 (Pa. Super. 2016), *appeal denied*, 2017 WL 721789 (Pa. Feb. 23, 2017) (citation omitted).

In his first issue, Appellant argues that his trial counsel was ineffective in failing to object to Bell's in-court identification of Appellant.[12] This argument is waived. "A failure by Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined." *Commonwealth v. Martz*, 926 A.2d 514, 525 (Pa. Super. 2007), *appeal denied*, 940 A.2d 363 (Pa. 2008) (internal alteration and citation omitted); *see Commonwealth v. Kennedy*, 151 A.3d 1117, 1127 (Pa. Super. 2016). Appellant's entire argument related to this issue is premised on the allegation that Bell's out-of-court identification of Appellant from a photo array tainted Bell's in-court identification of Appellant. Appellant, however, failed to ensure that a copy of the photo array appeared in the certified record. As such, we are unable to determine whether the out-of-court identification was unduly suggestive and tainted Bell's in-court identification. Accordingly, Appellant's first issue is waived. *See Commonwealth v. Stiles*, 143 A.3d 968, 978 (Pa. Super. 2016), *appeal denied*, 2016 WL 7106404 (Pa. Dec. 6, 2016); *Commonwealth v. Manley*, 985 A.2d 256, 263–264 (Pa. Super. 2009), *appeal denied*, 996 A.2d 491 (Pa. 2010); *Martz*, 926 A.2d at 525.

---

[12] Appellant also argues that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in this regard. Ineffective assistance of counsel claims, however, can ordinarily only be raised on collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 563-564 (Pa. 2013). Therefore, appellate counsel was not ineffective for failing to allege trial counsel's ineffectiveness on direct appeal.

In his second issue, Appellant argues that trial counsel was ineffective in failing to interview Bernard Brooks ("Brooks") and call him as a witness at trial. Appellant contends that Brooks would have testified that he was also present at the craps game and a different individual shot Bell. As this Court has explained:

> To prevail on a claim that counsel was ineffective for failing to call [a] witness[], [Appellant] must demonstrate: (1) the witness[] existed; (2) the witness[ was] available to testify; (3) counsel knew, or should have known, the witness[] existed; (4) the witness[ was] willing to testify; and (5) the absence of the witness['] testimony was so prejudicial that it denied [Appellant] a fair trial.

**Commonwealth v. Solano**, 129 A.3d 1156, 1166 (Pa. 2015) (citation omitted). Similarly, "[a] claim that trial counsel did not . . . interview [a] known witness[] presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." **Commonwealth v. Stewart**, 84 A.3d 701, 712 (Pa. Super. 2013), *appeal denied*, 93 A.3d 463 (Pa. 2014).

At the PCRA hearing, Appellant's trial counsel testified that Brooks was not a known witness because Brooks never contacted him about the instant case and Appellant never notified him regarding Brooks' existence. **See** N.T., 10/8/15, at 35-37.[13] Brooks testified that he called trial counsel and

---

[13] Appellant argues that trial counsel did not testify that Brooks failed to contact him. **See** Appellant's Brief at 28-30. This argument is without merit. Counsel testified that, if Brooks contacted him, he would have interviewed Brooks to determine if he should be called as a witness. **See**
*(Footnote Continued Next Page)*

went to his office to give a statement. *See id.* at 58-59. Appellant testified that he told trial counsel about Brooks. *See id.* at 90.

The PCRA court found that Appellant failed to prove that his trial counsel knew, or should have known, that Brooks existed. The PCRA court found defense counsel's testimony credible and found Brooks' and Appellant's testimony not credible. This factual finding is supported by the record. Brooks' testimony was vague and he was unable to recall several important details regarding his alleged contact with trial counsel. On the other hand, trial counsel's testimony was supported by a letter he sent to Appellant several years prior to the PCRA hearing.

Moreover, after observing Appellant testify at the PCRA hearing, the PCRA court found his testimony not credible. N.T., 10/8/15, at 139. In addition to witnessing Appellant's demeanor on the stand, a letter Appellant sent to trial counsel severely hurt his credibility. A reasonable inference from that letter was that Appellant attempted to convince his trial counsel to lie in order to obtain PCRA relief. Therefore, Appellant's argument that the PCRA court's factual finding was clearly erroneous is without merit. As the PCRA court's factual finding that Appellant failed to prove that trial counsel

*(Footnote Continued)* ───────────

N.T., 10/8/15, at 37. All parties agree that trial counsel never interviewed Brooks. The only reasonable inference from trial counsel's testimony is that Brooks never contacted him. Moreover, trial counsel testified that he sent a letter to Appellant in 2013 stating that Brooks never contacted him. *See id.* at 35-36. Trial counsel further testified that he sent the letter because he independently remembered, in 2013, that Brooks failed to contact him prior to trial. *See id*. at 36.

knew, or should have known, Brooks existed, is supported by the record, the PCRA court did not err in denying Appellant relief on this ineffective assistance of counsel claim.

In his third issue, Appellant argues that trial counsel was ineffective in failing to communicate a plea offer made by the Commonwealth and failing to properly advise him of the potential sentence if convicted at trial. In order to be entitled to relief on a claim that trial counsel failed to communicate a plea offer, a petitioner must plead and prove that "(1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby." *Commonwealth v. Chazin*, 873 A.2d 732, 735 (Pa. Super. 2005), *appeal denied*, 887 A.2d 1239 (Pa. 2005) (citation omitted).

Trial counsel testified that it was his standard practice to communicate all plea offers to his client. N.T., 10/8/15, at 24. He testified because this is his standard practice, he communicated the Commonwealth's plea offer to Appellant. *See id.* at 24-26. The prosecutor assigned to the case testified that Appellant was present when the plea offer was communicated. *See id.* at 119-122. Her testimony was supported by her contemporaneous notes regarding Appellant's case. On the other hand, Appellant testified that he did not learn of the plea offer until 2010. The trial court found trial counsel's and the prosecutor's testimony credible and found all of Appellant's

testimony not credible. This factual finding is supported by the record. In addition to observing Appellant's demeanor at the PCRA hearing, the PCRA court noted that Appellant did not allege trial counsel failed to notify him of the plea offer in his *pro se* PCRA petition nor did he mention this alleged omission in his letter to trial counsel referenced above. Instead, Appellant waited several years after allegedly learning of the plea offer to raise the issue in his amended PCRA petition.

Appellant also argues that trial counsel incorrectly advised him that he would be sentenced to no more than five to ten years' imprisonment if convicted at trial. Trial counsel testified that he notified Appellant he was facing a mandatory minimum term of five to ten years' imprisonment if convicted at trial; however, trial counsel testified that he notified Appellant that the statutory maximum penalty was 50 to 100 years' imprisonment if convicted at trial. *See* N.T., 10/8/15, at 15. Appellant and his sister, on the other hand, testified that trial counsel stated that the maximum penalty Appellant could receive if convicted at trial was five to ten years' imprisonment. *See id.* at 71, 85. The PCRA court found trial counsel's testimony credible and found Appellant's and his sister's testimony not credible. This factual finding was supported by the record.

As noted above, the trial court's factual finding that Appellant was present when the Commonwealth offered a plea deal was supported by the record. This plea deal included Appellant serving more than five to ten

years' imprisonment. It would be nonsensical for the Commonwealth to offer Appellant a plea deal in which he would serve more jail time than if he were convicted at trial.

Throughout his brief, particularly in the portion addressing his third issue, Appellant argues that the PCRA court's factual findings are clearly erroneous because of trial counsel's inability to independently recall this case and the lack of documentary evidence supporting trial counsel's testimony. This argument fails for several reasons. First, as noted above, trial counsel's testimony was consistent with a letter sent to Appellant when trial counsel had an independent recollection of the case. Trial counsel's testimony was also supported by the prosecutor's testimony. The prosecutor's testimony was based upon her contemporaneous notes regarding Appellant's case. Second, Appellant's and Brooks' testimony was similarly vague and unsupported by contemporaneous documentation. Finally, our Supreme Court rejected a similar argument in *Commonwealth v. Chmiel*, 30 A.3d 1111 (Pa. 2011). In that case, the petitioner argued that the PCRA court erred by relying on the hazy recollection of trial counsel. Our Supreme Court rejected this argument and concluded that the PCRA court did not err in finding trial counsel's testimony credible. *See id.* at 1159. The PCRA court in the case *sub judice* made credibility determinations and credited trial counsel's testimony over Appellant's and Brooks' testimony. As this

factual finding was not clearly erroneous, we conclude that the PCRA court properly denied Appellant relief on this ineffectiveness claim.

In his final issue, Appellant argues that appellate counsel was ineffective in failing to include a challenge to the sufficiency of the evidence in his concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). He argues that the failure to preserve his sufficiency challenge prejudiced him because Bell's testimony was insufficient to identify him as the gunman. When evaluating a challenge to the sufficiency of the evidence, a court must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact–finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Williams**, 153 A.3d 372, 375 (Pa. Super. 2016) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." **Kennedy**, 151 A.3d at 1121(citation omitted).

Eyewitness identification of a defendant is sufficient to prove a defendant was the perpetrator of an offense. **See Commonwealth v. Kendricks**, 30 A.3d 499, 509 (Pa. Super. 2011), *appeal denied*, 46 A.3d 716 (Pa. 2012). In this case, Bell, an eyewitness, identified Appellant as the gunman. Appellant's argument, related to the reliability of Bell's identification, goes to the weight of the evidence, not its sufficiency. **See Commonwealth v. Brewington**, 740 A.2d 247, 251 (Pa. Super. 1999),

*appeal denied*, 758 A.2d 660 (Pa. 2000). As such, Appellant's underlying sufficiency claim lacks arguable merit and appellate counsel was not ineffective for failing to preserve this issue for direct appellate review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2017