STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                      CIVIL ACTION
                                            DOCKET NO. CV-19-143


DANNY LOWE et al.,

         Plaintiffs

v.                                                     ORDER


METROPOLITAN PROPERTY AND                     STATE OF MAINE
CASUALTY INSURANCE CO.,                        Cumberland ss Clerk's Office

         Defendant                                NOV 07 2019 11:25
                                                              AM
                                                  RECEIVED


Before the court are cross-motions based on a joint stipulation of facts.[1]

Although the parties have denominated their motions as motions for summary judgment based on stipulated facts, there is a difference between summary judgment and decisions based on stipulated facts. The difference is that the court is permitted to draw inferences from a stipulated record. *See Blue Sky West LLC v. Maine Revenue Services,* 2019 ME 137, ¶ 16 n.10, 215 A.3d 812. In this case, however, the difference does not matter because the case turns on the interpretation of an insurance contract, which is an issue of law, and no inferences need be drawn.

The stipulated facts may be summarized as follows:

Plaintiffs Danny Lowe and Kelly Wentworth were injured in a collision with a 2015 Hyundai driven by Alphee Lambert in June 2017. At the time of the collision Lambert was acting in the course and scope of his employment with Coastline Security Management, which was the named insured on a commercial auto policy issued by Progressive Northern Insurance Co with a $500,000 liability coverage limit. The 2015 Hyundai was listed as an insured vehicle on the Progressive policy.

---

[1] Decision in this case was delayed because certain documents listed as Exhibits to the Joint Stipulation were not originally submitted.

The 2015 Hyundai was owned by Alphee Lambert and his wife Kathleen. Alphee and Kathleen were listed as named insureds on an auto policy issued by defendant Metropolitan Property and Casualty Insurance Co., but the 2015 Hyundai was not listed as an insured vehicle on the Metropolitan policy. The issue in this case is whether, in driving the 2015 Hyundai, Alphee Lambert was covered by the Metropolitan policy as well as by the commercial policy issued to Coastline Security Management.

Lowe and Wentworth sued Lambert and Coastline Security Management and obtained an agreed judgment for $750,000 – $500,000 of which was covered by the commercial policy issued to Coastline Security Management. The understanding of the parties is that Lowe and Wentworth would attempt to collect the remaining $250,000 through a reach and apply action against Metropolitan.

Discussion

"To resolve a reach and apply action, [the court must] first identify the basis of liability and damages from the underlying complaint and judgment. *Langevin v. Allstate Ins. Co.*, 2013 ME 55, ¶ 8. The court then reviews the insurance policy in order "to determine if any of the damages awarded in the underlying judgment are based on claims that would be recoverable pursuant to the . . . policy." *Jacobi v. MMG Ins. Co.*, 2011 ME 56, ¶ 14, 17 A.3d 1229. "[T]he party seeking to recover pursuant to the reach an apply statute . . . has the burden to demonstrate that [his] awarded damages fall within the scope of the insurance contract." *Id.*

"The meaning of language contained in an insurance contract is a question of law." *Patrons Oxford Ins. Co. v. Harris*, 2006 ME 72, ¶ 7, 905 A.2d 819. Any ambiguity in an insurance policy must be construed strictly against the insurer. *Vt. Mut. Ins. Co. v. Ben-Ami*, 2018 ME 125, ¶ 13, 193 A.3d 178. Similarly, any policy exclusion is also construed "strictly against the insurer and liberally in favor of the insured." *Acadia Ins. Co. v. Vt. Mut. Ins. Co.*, 2004 ME 121, ¶ 5, 860 A.2d 390 (quotation omitted).

2

In this case, the relevant policy language is that "[Metropolitan] will pay damages for bodily injury and property damage to others for which the law holds an Insured responsible because of an accident which results from the ownership, maintenance or use of a covered automobile [or] a non-owned automobile . . . ."[2] The 2015 Hyundai was not a covered automobile, and the question in this case is whether it qualifies as a "non-owned automobile."

"Non-owned automobile" is defined in the policy in pertinent part as follows:

> An automobile which is not owned by, furnished to, or made available for regular use to you or any resident in your household.

> EXCEPTION: An automobile owned by, furnished to, or made available for regular use to any resident in your household is considered a non-owned automobile when used by you.

Metropolitan policy, page 2 of 24.

Plaintiffs' position is that, although the definition of non-owned automobile initially would exclude the 2015 Hyundai (because it was owned by Alphee Lambert), the 2015 Hyundai would nevertheless qualify under the exception because (1) Lambert was a resident in his own household, (2) he owned the 2015 Hyundai, and (3) he was using the 2015 Hyundai at the time of the collision.

The court disagrees. Although the definition of "non-owned automobile" is somewhat convoluted, it is not ambiguous. The general purpose of the 'non-owned automobile" provision is to cover named insureds who happen to be driving automobiles that they do not own and that are not owned or regularly used by members of their household.[3] Automobiles that are owned by or regularly used by other residents in a named insured's household are expected to be covered by their own liability policies. The exception to the definition is designed to provide coverage to

---

[2] Metropolitan policy, page 3 of 24 "Coverage Provided."

[3] The policy uses the term "you" instead of "named insured." However, "You" is defined as "the person(s) named in the Declarations of this policy as named insured and the spouse of such person or persons if a resident of the same household." Metropolitan policy, page 2 of 24.

3

the named insured if the named insured happens to be driving a vehicle that is owned by or regularly used by another resident in the named insured's household.[4]

The definition of "non-owned automobile" must be read as a whole and in conjunction with the overall policy. *See Jipson v. Liberty Mut. Fire Ins. Co.*, 2008 ME 57, ¶ 10, 942 A.2d 1213 (stating that all parts of an insurance policy must be considered together so that the policy is evaluated as a whole). If plaintiff's interpretation of the policy were to be accepted and the court were to construe the term "resident in [the named insured's] household" to include the named insured, then the language which defines a "non-owned automobile" in part as "[a]n automobile which is <u>not</u> owned by . . . [a named insured]" (emphasis added) would be rendered meaningless.

Accordingly, the court construes the word "resident" in the definition of "non-owned automobile" to mean any resident other than a named insured. *See Acadia Ins. Co. v. Buck Constr. Co.*, 2000 ME 154, ¶ 9, 756 A.2d 515 (stating that courts are required to construe an insurance contract so as "to give force and effect to all of its provisions" and "avoid an interpretation that renders meaningless any particular provision in the contract") (quotation omitted); *Estate of Mason v. Amica Mut. Ins. Co.*, 2017 ME 58, ¶ 11, 158 A.3d 495 (stating that courts "interpret 'regular use' exclusions consistent with their obvious contractual purpose, which is to cover occasional or incidental use of other cars without the payment of an additional premium, but to exclude the habitual use of other cars . . . .") (quotation omitted).

The entry shall be:

Judgment is entered for Defendant Metropolitan Property and Casualty Insurance Co. dismissing the complaint. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[4] As a result, the named insured receives the benefit of the named insured's own coverage even if the separate coverage of the vehicle owned or regularly used by a resident of the household is substantially less.

4

Dated: November __7__, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 11/07/19

Plaintiffs–Patrick Hunt, Esq.
Defendant–Christine Kennedy–Jensen, Esq.

5